**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
_____
(State)

Case number *(if known):* _____   Chapter **11**

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/16**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's Name** | <u>Charming Charlie Holdings Inc.</u> |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | <u>80-0966139</u> |

**4.**  **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| <u>5999 Savoy Drive</u><br>Number          Street | <u>2711 Centerville Road, C/O CSC, Suite 400</u><br>Number          Street |
| | P.O. Box |
| <u>Houston, Texas    77036</u><br>City                              State     Zip Code | <u>Wilmington, Delaware        19808</u><br>City                              State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| <u>Harris County</u><br>County | Number          Street |
| | City                              State     Zip Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | **http://www.charmingcharlie.com** |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    Charming Charlie Holdings Inc.          Case number *(if known)* _____
       Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4481**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

       ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ A plan is being filed with this petition.

       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____   When _____   Case number _____
                         MM/DD/YYYY

            District _____   When _____   Case number _____
                         MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.   Debtor    **See Rider 1**        Relationship   **Affiliate**

          District    **District of Delaware**        When   **12/11/2017**
                                               MM / DD / YYYY

          Case number, if known _____

---

Debtor    Charming Charlie Holdings Inc.                         Case number *(if known)*
          Name

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                          State    Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | | |
|---|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Charming Charlie Holdings Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____12/11/2017____
MM/ DD / YYYY

✗ /s/ _____        Robert Adamek
Signature of authorized representative of debtor        Printed name

Title    **Senior Vice President, Chief Financial Officer and Information Technology**

**18. Signature of attorney**

✗ /s/ Domenic Pacitti        Date    12/11/2017
Signature of attorney for debtor                    MM/ DD/YYYY

**Domenic Pacitti**
Printed name

**Klehr Harrison Harvey Branzburg LLP**
Firm name

**919 N. Market Street  Suite 1000**
Number            Street

**Wilmington**        **DE**        **19801**
City            State        ZIP Code

**302-426-1189**        **dpacitti@klehr.com**
Contact phone        Email address

**3989**        **DE**
Bar number        State

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the :

**District of Delaware**
_____
(State)

Case number *(if known)*: _____   Chapter __11__

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Charming Charlie Holdings Inc.

- Charming Charlie Canada LLC
- Charming Charlie Holdings Inc.
- Charming Charlie International LLC
- Charming Charlie LLC
- Charming Charlie Manhattan LLC
- Charming Charlie USA, Inc.
- Poseidon Partners CMS, Inc.

**Fill in this information to identify the case:**

Debtor name    Charming Charlie Holdings Inc., *et al.*

United States Bankruptcy Court for the:    District of Delaware

Case number *(If known)*: _____    (State)

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 1 | R.Z.X INTERNATIONAL FASHION CO LTD Shiling Huadu, Guangzhou, Guangdong, 510000, China | BONNIE LAM 86-20-22279617 bonnie_lam@r-z-x.com | Trade Payable | | | | $ 2,226,014 |
| 2 | BRE INDUSTRIES INC 1928 South Santa Fe Avenue, Los Angeles, CA, 90021 | RAMIN MEHRARA 213-840-5127 raminmehr@aol.com | Trade Payable | | | | $ 1,733,574 |
| 3 | TANYA CREATIONS LLC 360 Narragansett Park Drive, East Providence, RI, 02916 | JEFFREY R. MASSOTTI 401-438-8050 jmassotti@tanyacreations.com | Trade Payable | | | | $ 1,173,539 |

---

[1]    The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

Debtor Charming Charlie Holdings Inc., *et al.*                                  Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 4 | TYCOON INTL 34-36 WEST 32ND ST, 4TH FL, NEW YORK, NY, 10001 | HAN LEE 212-563-7107 hanbyul@amibijoux.com | Trade Payable | | | | $ 1,006,547 |
| 5 | ELF COSMETICS INC P.O.Box 83403 Chicago, IL 60691-3403 | MIKE FERRARO 612-207-5728 mferraro@elfcosmetics.com | Trade Payable | | | | $ 986,886 |
| 6 | BERKSHIRE FASHIONS INC 420 5th Avenue 28th Floor New York, NY 10018 | BERT I DWECK 212 221 1542 Ext 513 bid@berkshireinc.com | Trade Payable | | | | $ 974,541 |
| 7 | RAND ACCESSORIES INCORPORATED 9350 ave de l'esplanade Suite 222 Montreal, QC H2N1V6 Canada | ADAM GOLDBERG 514 385 3482 ext: 203 adamg@randaccessories.com | Trade Payable | | | | $ 967,266 |
| 8 | STONY APPAREL CORPORATION, LLC 1500 S. Evergreen Ave Los Angeles, CA, 90023 | TONY LITTMAN 323-981-4261 tonyl@stonyapparel.com | Trade Payable | | | | $ 950,699 |

Debtor Charming Charlie Holdings Inc., *et al.*                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 9 | HONGKONG K AND J FASHION CO LIMITED Building #3, NO 8, Jinhui Road Heyetang Industrial District Yiwu 322000 China | KENT WANG 86-1-3957810058 kent@kjfashion.com.cn | Trade Payable | | | | $ 893,334 |
| 10 | AOSHENG LEATHER CO., LTD 18 Furong Road, Shiling Town, Huadu District, Guangzhou 510850, China | TINA PANG 86-1-3543413570 tina.pang@aoshengleather.cn | Trade Payable | | | | $ 813,718 |
| 11 | SPL INDUSTRIES LTD. Plot no -21, Sector-06, Faridabad, Haryana, 121006 India | JONATHAN TSE 91- 129- 2240411 Jonathantse@lfsourcing.com | Trade Payable | | | | $ 786,376 |
| 12 | A.N. ENTERPRISES 11528 Harry Hine Boulevard Suite 201 Dallas, TX, 75229 | NWOREN MOEEN 972-484-1175 nworen@anenterprises.com | Trade Payable | | | | $ 741,223 |
| 13 | TRI COASTAL DESIGN PO Box 2348 New York, NY 10164-0442 | TODD SOLOMON 973-560-0300 x 2323 todd@tricoastalnj.com | Trade Payable | | | | $ 702,760 |

Debtor Charming Charlie Holdings Inc., *et al.*                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 14 | EMANUEL GERALDO ACCESSORIES INC. c/o M17480 PO Box 11748, Succursale Centre-Ville Montreal QC H3C 6T3 Canada | REGAN COOPER 514-383-6333 regan@emanuelgeraldo.com | Trade Payable | | | | $ 655,260 |
| 15 | FANTAS-EYES THE CIT Group/Commercial Services Inc PO Box 1036 Charlotte, NC 28201-1036 | SAM TERZI 212-997-4433 sam@fantas-eyes.com | Trade Payable | | | | $ 653,144 |
| 16 | PINK ROSE 499 7TH Avenue 2ND Floor New York, NY 10018 | ALBERT SETTON 917-403-2188 albert@pinkroseclothing.com | Trade Payable | | | | $ 624,191 |
| 17 | THE SEGERDAHL CORP 1351 S. Wheeling Rd Wheeling, IL 60090 | JERRY FOGLE, DANA MARSH AND TERI BERGLUND 847.541.1080 jfogle@sg360.com, dmarsh@sg360.com, tberglund@sg360.com | Trade Payable | | | | $ 584,318 |
| 18 | RADIAL SOUTH, LP P.O. Box 740209 Dept. #40328 Atlanta, GA 30374 | MARK GAUDIOSI 610-491-7168 mgaudiosi@radial.com | Trade Payable | | | | $ 574,916 |

Debtor Charming Charlie Holdings Inc., *et al.*                          Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 19 | PRIMETIME NYC 320 Fifth Ave 12th Floor New York, NY, 10018 | ISAC HANNON 212-967-1841 isac@primetimenyc.com | Trade Payable | | | | $ 567,075 |
| 20 | TMD HOLDINGS LLC P.O. Box 751 Allison Park, PA 15101 | WALT TYMOCZKO +1 (412) 621-6287 X218 walt@tmdholdings.com | Trade Payable | | | | $ 567,068 |
| 21 | RGIS PO Box 77631 Detroit, MI 48277 | BRUCE PERRY 817-514-1930 BPerry@RGIS.com | Trade Payable | | | | $ 547,865 |
| 22 | DIVERSIFIED DISTRIBUTION SYSTEMS, LLC 7351 Boone Avenue North Brooklyn Park, MN 55428 | JIM KOZICKY (612) 813-5243 jkozicky@ddsjit.com | Trade Payable | | | | $ 539,642 |
| 23 | MARCUS ADLER GLOVE CO. 32 West 39th Street New York, NY, 10018 | ANDREW ZINAMON (212) 840-8652 andrew@marcusadlergloves.com | Trade Payable | | | | $ 530,407 |

Debtor Charming Charlie Holdings Inc., *et al.*                                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 24 | FRAGMENTS 42 W 39th Stm 8th Fl New York, NY, 10018 | PHIL FRANKENBERG 212.537.5000 ext.300 pfrankenberg@fragments.com | Trade Payable | | | | $ 480,553 |
| 25 | GOLDEN FASHION ACCESSORY (HK) CO LTD NO B9th Kecun Fulongshan Road Yiwu City 322014 China | JOHNNY MENG 86-579-85130137 johnny.meng@goldenfashion.cn | Trade Payable | | | | $ 469,983 |
| 26 | AETNA LIFE INSURANCE COMPANY 151 Farmington Ave RT 21 Hartford, CT 06156 | AMANDA LEE 281.637.3180 leea2@aetna.com | Trade Payable | | | | $ 460,191 |
| 27 | TAI APPAREL LLC 1330 Factory Place #116 Los Angele, CA 90013 | BRANDIS ALVES 612-432-5152 brandis@taiapparel.com | Trade Payable | | | | $ 458,483 |
| 28 | CHEETAH DIGITAL INC 955 American Lane Schaumburg, IL 60173 | 212-809-0825 info@cheetahmail.com | Trade Payable | | | | $ 444,459 |

Debtor Charming Charlie Holdings Inc., *et al.*                     Case number (if known) _____

| Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 29 KRAZY KAT SPORTSWEAR, LLC 25 E Union Ave East Rutherford, NJ 07073 | BANSI LAKHANI 201-321-2109 bansi@krazykat.com | Trade Payable | | | | $ 442,207 |
| 30 MOA MOA 1215 West Walnut Street Compton, CA, 90220 | ALISHA KIM 201-321-2109 bansi@krazykat.com | Trade Payable | | | | $ 435,129 |
| 31 ICON EYEWEAR 5 Empire Blvd South Hackensack, NJ 07470 | MIKE COTTON 347-301-4989 michael.c@iconeyewear.com | Trade Payable | | | | $ 433,364 |
| 32 LOCKE LORD LLP PO Box 911541 Dallas, TX 75391-1541 | KELLY S. BIGGINS 213-687-6763 kbiggins@lockelord.com | Trade Payable | | | | $ 407,966 |
| 33 C2 IMAGING LLC 4537 Solutions Center Box 774537 Chicago, IL 60677-4005 | KELLI PARMER 312-235-3800 kelli.parman@c2imaging.com | Trade Payable | | | | $ 384,359 |

Debtor Charming Charlie Holdings Inc., *et al.*                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 34 | SARINA 15 West 36th St 5TH FLOOR New York, NY 10018 | MARC FAHAM 212-239-8106 mfaham@sarinaacc.com | Trade Payable | | | | $ 384,085 |
| 35 | SNOWDEN BROTHERS LLC N3P, No. 501 Huanqiuxieye Building Dongguan Guangdong 523960 China | BILL SNOWDEN 206-624-1752 Bill@snowdenbrothers.com | Trade Payable | | | | $ 369,414 |
| 36 | THOMSON INDUSTRIAL DEVELOPMENT LTD Flat B, 10/F, Gee Luen Chang Industrial Building 11 Yuk Yat Street Tokwawan Kowloon Hong Kong | JACKY LIU 86 755 82855186 JackyLiuJG@LFSourcing.com | Trade Payable | | | | $ 367,566 |
| 37 | KASINDA LTD 5/F Flat B-5 PO YIP Building 62-70 Texaco Road Tsuen Wan Hong Kong | CHERRY LOU 0755-82382743 x816 cherryluo2015@kasinda.com.hk | Trade Payable | | | | $ 366,749 |
| 38 | SNDZ OVERSEAS CO LTD 4FL NO 58 Lane 316 Ruei Guang Road Nei Hu District Taipei 11492 Taiwan | ROGER KAO 886-2-2-659-08-09, ext 10 roger@sndz.com.tw | Trade Payable | | | | $ 334,289 |

Debtor Charming Charlie Holdings Inc., *et al.*                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 39 | CHANGSHENG JEWELRY LIMITED NO 28 Baihuii Industrial Zone Huangzhai Pujiang Zhejiang China | GUSHIJIN  GU 86-130-659-55555 GUSHIJIN@163.COM | Trade Payable | | | | $ 332,998 |
| 40 | BERRY JEWELRY 29 W 38TH STREET 16th FL New York, NY, 10018 | JUDY STONEHILL 212.354.5014 x 402 judy@berryjewelry.com | Trade Payable | | | | $ 330,893 |
| 41 | REDSTONE FOODS, INC 1434 Patton Place Suite 106 Carrollton, TX 75007 | JOHN POLLY 800-444-3520 john@redstonefoods.com | Trade Payable | | | | $ 287,922 |
| 42 | BH COSMETICS 2801 Burton Ave Burbank, CA 91504 | SAVANNAH EDDY 818-351-4856 savannah@bhcosmetics.com | Trade Payable | | | | $ 269,762 |
| 43 | ECOVA, INC 1313 N. Atlantic Spokane, WA 99201 | ANDREA DUKE 208 597 5152 ADuke@ecova.com | Trade Payable | | | | $ 259,230 |

Debtor Charming Charlie Holdings Inc., *et al.*                                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 44 | HB CONNECTIONS INC 8190 Chemin Royden Montreal, QC H4P 2T2 Canada | MARIA DELLICOLLI 514.340.4414 mdellicolli@hbconnections.com | Trade Payable | | | | $ 235,895 |
| 45 | LF CENTENNIAL PTE, LTD. 10, Raeburn Park #03-08, Block A Singapore 088702 Singapore | RICHARD LOH +65 6333 8893 RichardLoh@lfcredit.com.sg | Trade Payable | | | | $ 235,312 |
| 46 | ALLURE EYEWEAR 28243 Network Place Chicago, IL 60673-1282 | MATTHEW BLANCHARD 212-378-7900 mblanchard@allure-eyewear.com | Trade Payable | | | | $ 232,672 |
| 47 | LF LOGISTICS USA LLC 230-19 International Airport Ctr Bl, Suite 250 Jamaica, NY  11413 | MAHMOUD ABBAS 917-214-7858 MahmoudAbbas@lflogistics.com | Trade Payable | | | | $ 221,014 |
| 48 | LDC INCORPORATED 22 First Street East Providence, RI 02914 | ED DECRISTOFARO 401-861-4667 ed@ldc85.com | Trade Payable | | | | $ 217,987 |

Debtor Charming Charlie Holdings Inc., *et al.*                                    Case number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured claim |
| 49 | MUD PIE LLC 4893 Lewis Rd, Stone Mountain, GA 30083 | ANGIE PFEIFER 678-937-9696 apfeifer@mud-pie.com | Trade Payable | | | | $ 214,178 |
| 50 | DEZINE NEWS INC. 3901 La Reunion Parkway, Dallas, TX 75212 | MARGO MASON 214-424-8007 CCPrincipal@dezinenews.com | Trade Payable | | | | $ 210,263 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHARMING CHARLIE HOLDINGS INC., | ) Case No. 17-[_____] (___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| *Common Stock* | | | |
| Charming Charlie Holdings Inc. | Charles J. Chanaratsopon, Trustee of the Charles J. Chanaratsopon Trust U/T/A dated December 11, 2008 | [Redacted] | 57.2867% |
| Charming Charlie Holdings Inc. | Hancock Park Capital III, L.P. | 1880 Century Park East, Suite 900, Los Angeles, CA 90067 | 26.5408% |
| Charming Charlie Holdings Inc. | Charles J. Chanaratsopon, Trustee of the Taylor Chanaratsopon Trust U/T/A dated June 4, 2010 | [Redacted] | 8.2178% |
| Charming Charlie Holdings Inc. | Charles J. Chanaratsopon | [Redacted] | 4.4356% |
| Charming Charlie Holdings Inc. | Steve Lovell | [Redacted] | 0.6842% |
| Charming Charlie Holdings Inc. | Renu Daswani | [Redacted] | 0.4731% |
| Charming Charlie Holdings Inc. | Tom Tran | [Redacted] | 0.3378% |
| Charming Charlie Holdings Inc. | Steve Lovell | [Redacted] | 0.2035% |
| Charming Charlie Holdings Inc. | Steve Lovell | [Redacted] | 0.1796% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Charming Charlie Holdings Inc. | Ervin Polze | [Redacted] | 0.1479% |
| Charming Charlie Holdings Inc. | Steve Lovell | [Redacted] | 0.1437% |
| Charming Charlie Holdings Inc. | Tim Gadus | [Redacted] | 0.1109% |
| Charming Charlie Holdings Inc. | Ron Batts | [Redacted] | 0.0850% |
| Charming Charlie Holdings Inc. | Ally Weng | [Redacted] | 0.0813% |
| Charming Charlie Holdings Inc. | NDM CC Investments LLC | 2727 Allen Parkway, Ste. 1700, Houston, TX 77019 | 0.0705% |
| Charming Charlie Holdings Inc. | Susana Arnold (Nelson) | [Redacted] | 0.0658% |
| Charming Charlie Holdings Inc. | Tyler Henritze | [Redacted] | 0.0622% |
| Charming Charlie Holdings Inc. | Ron Batts | [Redacted] | 0.0570% |
| Charming Charlie Holdings Inc. | Adam C. Zylman | [Redacted] | 0.0553% |
| Charming Charlie Holdings Inc. | John Garf | [Redacted] | 0.0553% |
| Charming Charlie Holdings Inc. | JB Fairbanks | [Redacted] | 0.0553% |
| Charming Charlie Holdings Inc. | Seis Holdings LLC | 510 Bering Dr., Ste. 220, Houston, TX 77057 | 0.0553% |
| Charming Charlie Holdings Inc. | Roberto Contreas | [Redacted] | 0.0553% |
| Charming Charlie Holdings Inc. | Tony Sanchez | [Redacted] | 0.0553% |
| Charming Charlie Holdings Inc. | Fred Brazelton | [Redacted] | 0.0553% |
| Charming Charlie Holdings Inc. | Laurie Geston | [Redacted] | 0.0497% |
| Charming Charlie Holdings Inc. | Keith A. Cline, Jr. | [Redacted] | 0.0370% |
| Charming Charlie Holdings Inc. | Tom Fitzgerald | [Redacted] | 0.0298% |
| Charming Charlie Holdings Inc. | Archie Kent Williams | [Redacted] | 0.0296% |
| Charming Charlie Holdings Inc. | Patty Fadhouli | [Redacted] | 0.0296% |

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Charming Charlie Holdings Inc. | Ekta Chopra | [Redacted] | 0.0262% |
| Charming Charlie Holdings Inc. | Suchit Majmudar | [Redacted] | 0.0261% |
| Charming Charlie Holdings Inc. | Jamie Sonderfan | [Redacted] | 0.0247% |
| Charming Charlie Holdings Inc. | Lindsay Short | [Redacted] | 0.0222% |
| Charming Charlie Holdings Inc. | Charles Kleman | [Redacted] | 0.0184% |
| Charming Charlie Holdings Inc. | Eve Cugini | [Redacted] | 0.0172% |
| Charming Charlie Holdings Inc. | Alicia Macha | [Redacted] | 0.0170% |
| Charming Charlie Holdings Inc. | James Rose | [Redacted] | 0.0148% |
| Charming Charlie Holdings Inc. | Rob Bassett | [Redacted] | 0.0148% |
| Charming Charlie Holdings Inc. | Barbara Van Hamme | [Redacted] | 0.0111% |
| Charming Charlie Holdings Inc. | Charles Kleman | [Redacted] | 0.0081% |
| Charming Charlie Holdings Inc. | John Kirkpatrick | [Redacted] | 0.0074% |
| Charming Charlie Holdings Inc. | Jason Fain | [Redacted] | 0.0074% |
| Charming Charlie Holdings Inc. | Kimberly Allen | [Redacted] | 0.0069% |
| Charming Charlie Holdings Inc. | Rebecca Perez | [Redacted] | 0.0063% |
| Charming Charlie Holdings Inc. | Scott Woods | [Redacted] | 0.0056% |
| Charming Charlie Holdings Inc. | Charles Kleman | [Redacted] | 0.0054% |
| Charming Charlie Holdings Inc. | Catherine Wedemeier | [Redacted] | 0.0037% |
| Charming Charlie Holdings Inc. | Andrea Boger | [Redacted] | 0.0037% |
| Charming Charlie Holdings Inc. | Niel Hennings | [Redacted] | 0.0029% |
| Charming Charlie Holdings Inc. | Charles Kleman | [Redacted] | 0.0027% |

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Charming Charlie Holdings Inc. | Silvia Paredes | [Redacted] | 0.0015% |
| *Preferred Stock – Series A* | | | |
| Charming Charlie Holdings Inc. | Charles J. Chanaratsopon | [Redacted] | 28.9% |
| Charming Charlie Holdings Inc. | Hancock Park Capital III, L.P. | 1880 Century Park East, Ste. 900, Los Angeles, CA 90067 | 28.9% |
| Charming Charlie Holdings Inc. | Gabe Siegal (Johnathan Osborne) | [Redacted] | 15.9% |
| Charming Charlie Holdings Inc. | Gabe Siegal (Elizabeth Siegel) | [Redacted] | 15.9% |
| Charming Charlie Holdings Inc. | Agro Industrial Investment | 55 N. East 5th Ave., Boca Raton, FL 33432 | 4.8% |
| Charming Charlie Holdings Inc. | Red Sands LLC | 5329 S. Eastern Ave., Las Vegas, NV 89119 | 4.8% |
| Charming Charlie Holdings Inc. | Nash Daswani | [Redacted] | 0.8% |
| *Preferred Stock – Series T* | | | |
| Charming Charlie Holdings Inc. | TSG6 L.P. | 600 Montgomery St., Ste. 2900, San Francisco, CA 94111 | 95.2389% |
| Charming Charlie Holdings Inc. | Alex Panos | [Redacted] | 2.0000% |
| Charming Charlie Holdings Inc. | Charles Esserman | [Redacted] | 1.0000% |
| Charming Charlie Holdings Inc. | James O'Hara | [Redacted] | 1.0000% |
| Charming Charlie Holdings Inc. | Hadley Mullin | [Redacted] | 0.1237% |
| Charming Charlie Holdings Inc. | Pierre LeComte | [Redacted] | 0.1237% |
| Charming Charlie Holdings Inc. | Brian Krumrei | [Redacted] | 0.1237% |
| Charming Charlie Holdings Inc. | Jennifer Moser | [Redacted] | 0.0742% |
| Charming Charlie Holdings Inc. | Dan Costello | [Redacted] | 0.0619% |
| Charming Charlie Holdings Inc. | Robert Mark Leibowitz and Ilene Dawn Leibowitz Family Trust, dated April 10, 2001 | [Redacted] | 0.0619% |

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Charming Charlie Holdings Inc. | Robyn Lawrie Rutledge | [Redacted] | 0.0495% |
| Charming Charlie Holdings Inc. | Diane Miles | [Redacted] | 0.0309% |
| Charming Charlie Holdings Inc. | Karen Hart | [Redacted] | 0.0248% |
| Charming Charlie Holdings Inc. | Michael Layman | [Redacted] | 0.0248% |
| Charming Charlie Holdings Inc. | Ed Wong | [Redacted] | 0.0248% |
| Charming Charlie Holdings Inc. | Melis Kahya | [Redacted] | 0.0186% |
| Charming Charlie Holdings Inc. | Wally Wertsch | [Redacted] | 0.0186% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHARMING CHARLIE HOLDINGS INC., | ) Case No. 17-[_____] (___) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| *Common Stock* | |
| Hancock Park Capital III, L.P. | 26.5408% |
| *Preferred Stock – Series A* | |
| Hancock Park Capital III, L.P. | 28.9% |
| *Preferred Stock – Series T* | |
| TSG6 L.P. | 95.2389% |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Charming Charlie Holdings Inc.** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (if known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____    **List of Equity Security Holders, Corporate Ownership Statement and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **12/11/2017** | ☒ /s/ |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Robert Adamek** |
| | Printed name |
| | **Senior Vice President, Chief Financial Officer and Information Technology** |
| | Position or relationship to debtor |

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# **Charming Charlie Holdings Inc.**

December 11, 2017

I, Robert Adamek, Secretary of Charming Charlie Holdings Inc. a Delaware corporation (the "Corporation"), do hereby certify the following:

1.     I am duly qualified and appointed Secretary of the Corporation.

2.     Attached hereto as Exhibit A is a true, correct, and complete copy of the resolutions (the "Resolutions") duly adopted by the board of directors of the Corporation acting pursuant to the Corporation's bylaws (as amended, amended and restated and modified, supplemented or replaced from time to time, the "Bylaws").

3.     The Resolutions are not inconsistent with the Bylaws.

4.     The Resolutions have not been amended, modified, repealed or rescinded since adopted, and are in full force and effect on and as of the date hereof.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name: Robert Adamek

Title: Secretary

**OMNIBUS WRITTEN CONSENT IN LIEU OF MEETINGS**
**OF THE BOARDS OF DIRECTORS**

December 10, 2017

The undersigned, being the members of the board of directors (each a "<u>Board</u>", and collectively, the "<u>Boards</u>") of each of the companies listed on <u>Schedule 1</u> attached hereto (each a "<u>Company</u>" and collectively, the "<u>Companies</u>"), in lieu of holding a meeting of such Board, hereby take the following actions and adopt the following resolutions by written consent as of the date first written above, pursuant to the bylaws, operating agreement, or limited liability company agreement, as applicable (each, an "<u>Operating Agreement</u>"), of each Company and the applicable laws of the jurisdiction in which such Company is organized:

1.      **RESTRUCTURING SUPPORT AGREEMENT AND RELATED DOCUMENTS**

**WHEREAS,** the respective Board of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to them, and the effect of the foregoing on such Company's business;

**WHEREAS,** the respective Board of each Company has consulted with the management and the financial and legal advisors of such Company and fully considered each of the strategic alternatives available to such Company;

**WHEREAS**, the Companies have negotiated a restructuring support agreement, in form or substantially in the form thereof submitted to the respective Board of each Company (the "<u>Restructuring Support Agreement</u>") with the Parties (as such term is defined in the Restructuring Support Agreement);

**WHEREAS**, the Restructuring Support Agreement provides that it can be terminated if the respective Board of each Company determines, after receiving advice from counsel, that proceeding with the transactions contemplated by the Restructuring Support Agreement would be inconsistent with the exercise of its fiduciary duties; and

**WHEREAS**, after careful consideration, the respective Board of each Company has determined that the Companies' entry into the Restructuring Support Agreement and the performance of the transactions contemplated thereby are advisable and in the best interests of the Companies and their stakeholders; and

**WHEREAS**, the Boards of each Company has determined it is appropriate to designate a special committee to investigate the appropriateness of the release, injunction and indemnification provisions included in the Restructuring Support Agreement and DIP Term Loan Credit Agreement and DIP ABL Credit Agreement (the "<u>Investigation</u>");

**NOW, THEREFORE BE IT, RESOLVED**, that in the business judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its stakeholders, creditors, and other parties in interest, to enter into the Restructuring Support Agreement and that such Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved;

**FURTHER RESOLVED**, that any officers of each Company (collectively, the "Authorized Signatories") acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute, on behalf of each Company, the Restructuring Support Agreement;

**FURTHER RESOLVED**, that a special committee be and it hereby is, constituted and established with respect to an Investigation (the "Special Committee");

**FURTHER RESOLVED**, that Larry Meyer is hereby designated as the member of the Special Committee, with the duties and powers granted to such Special Committee as hereinafter described;

**FURTHER RESOLVED**, that the Special Committee shall have the authority to establish such rules of order and other administrative and ministerial matters as it may determine to be necessary or appropriate to its orderly functioning;

**FURTHER RESOLVED**, that the Special Committee shall control any attorney client, work product, or other privilege in connection with the advisors to the Special Committee or their work or privileged communications related to the Special Committee;

**FURTHER RESOLVED**, that the Special Committee is hereby authorized and empowered to enter into such contracts providing for the retention, compensation, and reimbursement of expenses of such legal and financial advisors and other agents or advisors as the Special Committee may deem necessary or appropriate, if any, and that the Companies are hereby authorized and directed to pay all reasonable fees, expenses, and disbursements of such legal counsel and other agents or advisors;

**FURTHER RESOLVED**, that the officers of the Companies are hereby directed to (i) provide the Special Committee, each member thereof, and any of their legal financial or other advisors and agents, such information and materials as may be useful or helpful in the fulfillment of the Special Committee's duties and functions as are authorized herein or as may be determined by the Special Committee, or any member of the Special Committee, to be necessary or appropriate in connection with the fulfillment of such duties and functions and (ii) effectuate all actions authorized by the Special Committee in connection with the Investigation, including all actions to be taken with respect to a Company;

**FURTHER RESOLVED**, that the Special Committee, and each member thereof, is hereby authorized and empowered to do all acts as may be necessary or appropriate in his or her judgment to fulfill the duties and functions of the Special Committee as are authorized herein;

**FURTHER RESOLVED**, that in performing their duties and functions as are authorized herein, the member of the Special Committee is acting in his capacity as a director and thus shall be entitled to indemnification for any and all actions performed in connection with his services on the Special Committee, as provided to the Companies' directors by the Companies' certificates of incorporation and bylaws and any contractual indemnification provisions, in each case to the maximum extent provided by law;

**FURTHER RESOLVED**, that any and all actions heretofore taken by any Special Committee member, officer or other member of the respective Board of each Company within the terms of, or related

to, the foregoing resolutions and the subject matter thereof be, and they hereby are, ratified, approved, adopted and confirmed as the authorized acts and deeds of the Companies.

2.      **CHAPTER 11 FILING**

      **RESOLVED,** that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief (each a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), subject to the continuing investigation by the Independent Director.

      **RESOLVED,** that any officers of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Company all motions, papers, documents, or other filings, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

3.      **RETENTION OF PROFESSIONALS**

      **RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

      **RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP ("Klehr") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Klehr.

      **RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm Guggenheim Partners, LLC ("Guggenheim") as investment banker and financial advisor to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by its Board, creditors, or other third parties, in each case, as requested by such Company, evaluating such Company's capital structure, responding to issues related to such Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Company's assets; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Guggenheim.

      **RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm AlixPartners, LLP ("Alix") as restructuring advisor to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing

financial data for evaluation by its Board, creditors, or other third parties, in each case as requested by such Company, evaluating such Company's capital structure, responding to issues related to such Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Company's assets; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alix.

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Rust Consulting/Omni Bankruptcy ("Rust Omni") as notice and claims agent and administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Rust Omni.

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Joele Frank, Wilkinson Brimmer Katcher ("Joele Frank") as communications consultant to represent and assist each Company in conducting crisis and restructuring communications; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Joele Frank.

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of A&G Realty Partners, LLC ("A&G") as real estate advisors to represent and assist each Company in negotiations related to nonresidential real property leases; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of A&G and Hilco.

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Hilco Merchant Resources LLC ("Hilco") as exclusive agent to represent and assist each Company in operating "store closing" sales; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of A&G and Hilco.

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED,** that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

## 4.    GENERAL

**RESOLVED,** that, in addition to the specific authorizations heretofore conferred upon each Authorized Officer, each Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's (or his designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED,** that the respective Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice.

**RESOLVED,** that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the respective Board of each Company.

**RESOLVED,** that each Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

The actions taken by this written consent shall have the same force and effect as if taken at a meeting of each Board, duly called and constituted, pursuant to the applicable bylaws, limited liability company agreement or operating agreement of each such Company and the laws of the State of Delaware and Utah, as applicable to each Company.

This consent may be executed in as many electronic or original counterparts as may be required; all counterparts shall collectively constitute one and the same consent.

* * * * * *

## **Schedule 1**

1. Charming Charlie LLC, a Delaware limited liability company (the "Borrower")

2. Charming Charlie USA, Inc., a Utah corporation

3. Charming Charlie Manhattan LLC, a Delaware limited liability company

4. Charming Charlie International LLC, a Delaware limited liability company

5. Charming Charlie Canada LLC, a Delaware limited liability company

6. Poseidon Partners CMS, Inc., a Delaware corporation

7. Charming Charlie Holdings Inc., a Delaware corporation

Execution Version

## OMNIBUS WRITTEN CONSENT IN LIEU OF MEETINGS
## OF THE BOARDS OF DIRECTORS

December 10, 2017

The undersigned, being the members of the board of directors, the sole member, the sole member and manager or other governing body, as applicable (each a "Board", and collectively, the "Boards") of each of the companies listed on Schedule 1 attached hereto (each a "Company" and collectively, the "Companies"), in lieu of holding a meeting of such Board, hereby take the following actions and adopt the following resolutions by written consent as of the date first written above, pursuant to the bylaws, operating agreement or limited liability company agreement, as applicable (each, an "Operating Agreement"), of each Company and the applicable laws of the jurisdiction in which such Company is organized:

1.      **DIP TERM LOAN CREDIT AGREEMENT**

**WHEREAS,** reference is made to that certain Senior Secured, Super-Priority Debtor-In-Possession Term Loan and Guarantee Agreement dated as of the date hereof (the "DIP Term Loan Credit Agreement"), by and among CHARMING CHARLIE LLC, as Borrower and a Debtor and Debtor-in-Possession under Chapter 11 of the Bankruptcy Code (the "Borrower"), CHARMING CHARLIE HOLDINGS, as a Guarantor and a Debtor and Debtor-in-Possession under Chapter 11 of the Bankruptcy Code ("Holdings"), the other Companies, as Guarantors and Debtors and Debtors-in-Possession under Chapter 11 of the Bankruptcy Code, the lenders party thereto from time to time ("Lenders") and WILMINGTON TRUST NATIONAL ASSOCIATION, as Administrative Agent (together with its permitted successors in such capacity, "DIP Term Loan Administrative Agent") and as Collateral Agent (together with its permitted successors in such capacity, "DIP Term Loan Collateral Agent");

**WHEREAS,** the Borrower has requested that the Lenders provide a debtor-in-possession term loan facility in an aggregate principal amount of $60,000,000;

**WHEREAS**, the obligation of the Lenders to make the credit extensions to the Borrower is subject to each Company entering into the DIP Term Loan Credit Agreement and satisfying certain conditions described in the DIP Term Loan Credit Agreement;

**WHEREAS**, each Company will obtain benefits from the DIP Term Loan Credit Agreement and it is in the best interest of each Company to enter into the DIP Term Loan Credit Agreement.

**NOW, THEREFORE BE IT, RESOLVED**, that the form, terms and provisions of the DIP Term Loan Credit Agreement (including, without limitation, the Guarantee provided therein), the Security Agreement and the ABL/Term Loan Intercreditor Acknowledgment, and the form, terms and provisions of each other Loan Document, instrument, certificate and other document as may be reasonably requested by the DIP Term Loan Administrative Agent or contemplated by the DIP Term Loan Credit Agreement or any other Loan Document, and each Company's execution and delivery thereof, and performance thereunder, and the guaranties, liabilities, obligations, security interests granted and notes issued, if any, in connection therewith be, and hereby are, in all respects, authorized, adopted and approved.

**FURTHER RESOLVED**, that each Company will obtain benefits from the DIP Term Loan Credit Agreement and the incurrence of the Term Loans by the Borrower and the Obligations by each Company under the Loan Documents, which are necessary and convenient to the conduct, promotion and attainment of the business of such Company.

**FURTHER RESOLVED**, that each of the Chief Executive Officer, President, any Vice President, Chief Financial Officer, Chief Accounting Officer, Chief Compliance Officer, Chief Reorganization Officer, the Treasurer, any Assistant Treasurer, Controller, the Secretary or any Assistant Secretary of each Company, and any other person designated by any of the foregoing (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized and empowered to execute and deliver the DIP Term Loan Credit Agreement, the Security Agreement, the ABL/Term Loan Intercreditor Acknowledgment and the other Loan Documents, in the name and on behalf of each Company, with such changes therein as shall be approved by the Authorized Officer executing the same, with such execution by said Authorized Officer to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from the form presented to the Board.

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the DIP Term Loan Credit Agreement, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions contemplated by the DIP Term Loan Credit Agreement and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of each Company, which shall in their sole judgment be necessary, proper or advisable in order to perform each Company's obligations under or in connection with the DIP Term Loan Credit Agreement and the transactions contemplated therein (execution by such Authorized Officer to constitute conclusive evidence of such judgment), and to carry out fully the intent of the foregoing resolution.

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions as the sole shareholder, partner, general partner, sole member, member, manager, or managing member of each direct subsidiary of Charming Charlie Holdings, Inc., if any, whether existing now or in the future, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, including without limitation the authorization of resolutions and agreements necessary to authorize the execution, delivery and performance pursuant to the DIP Term Loan Credit Agreement (including certificates, affidavits, notices, reaffirmations and amendments and restatements thereof or relating thereto) and the other Loan Documents as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

**FURTHER RESOLVED**, that, to the extent any Company serves as the sole member, managing member, general partner, partner or other governing body (collectively, a "Controlling Company"), in each case, of any other company (a "Controlled Company"), each Authorized Officer, any one of whom may act without the joinder of any of the others, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Officer is herein duly authorized to take on behalf of such Controlling Company.

**FURTHER RESOLVED,** that the Authorized Officers be, and each of them individually and acting singly hereby is, authorized, in the name and on behalf of each Company, to assign, transfer, pledge and grant to the DIP Term Loan Collateral Agent, for the ratable benefit of the respective or applicable Secured Parties, a security interest in all or substantially all the assets of such Company, as collateral security for the prompt and complete payment and performance when due of the Obligations under the Loan Documents to which such Company is a party and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause each Company to create, perfect and maintain a security interest in each Company's property or assets constituting Collateral as described or contemplated in the

2

Loan Documents.

**FURTHER RESOLVED,** that the Authorized Officers be, and each of them, individually and acting singly hereby is, authorized, in the name and on behalf of each Company, to enter into the Guarantees as described or contemplated by the DIP Term Loan Credit Agreement and the other Loan Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment or any incremental agreement required to consummate the transactions contemplated by the DIP Term Loan Credit Agreement and perform its obligations thereunder and to guarantee the payment and performance of the Obligations of the Borrower and any other Guarantor thereunder and to secure such guaranty by granting security interests and liens on substantially all such Company's assets, with any changes therein as shall be approved by the Authorized Officer executing the same, with such execution by said Authorized Officer to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from the form presented to the Board.

**FURTHER RESOLVED**, that the DIP Term Loan Collateral Agent is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of each Company in such form and in such offices as the DIP Term Loan Collateral Agent determines appropriate to perfect the security interests of the Secured Parties granted under the DIP Term Loan Credit Agreement and the other Loan Documents.  The DIP Term Loan Collateral Agent is authorized to use the collateral description "all assets" or "all or substantially all personal property assets" or any similar description in any such financing statements.

**FURTHER RESOLVED**, that all capitalized terms used in the resolutions under the caption "DIP TERM LOAN CREDIT AGREEMENT" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Term Loan Credit Agreement.

## 2.    DIP ABL CREDIT AGREEMENT

**WHEREAS,** reference is made to that certain Senior Secured, Super-Priority Debtor-In-Possession Credit Agreement dated as of the date hereof (the "DIP ABL Credit Agreement"), by and among the Borrower, as Lead Borrower and as a Debtor and Debtor-in-Possession under Chapter 11 of the Bankruptcy Code, CHARMING CHARLIE USA, INC., as a Borrower and a Debtor and Debtor-in-Possession under Chapter 11 of the Bankruptcy Code (together with the Borrower for purposes of this Section 2, each, a "Borrower" and together the "Borrowers"), Holdings, as a Guarantor and a Debtor and Debtor-in-Possession under Chapter 11 of the Bankruptcy Code, and each of the other Companies as a Guarantor and as Debtors and Debtors-in-Possession under Chapter 11 of the Bankruptcy Code, the lenders party thereto from time to time ("Lenders"), and BANK OF AMERICA, N.A., as Administrative Agent and Issuing Bank ("DIP ABL Administrative Agent");

**WHEREAS,** the Borrowers have requested that the Lenders provide a debtor-in-possession asset-based loan facility in an aggregate principal amount of $35,000,000;

**WHEREAS**, the obligation of the Lenders to make the credit extensions to the Borrowers is subject to, among other things, each Company entering into the DIP ABL Credit Agreement and satisfying certain conditions described in the DIP ABL Credit Agreement; and

**WHEREAS**, each Company will obtain benefits from the DIP ABL Credit Agreement and it is advisable and in the best interest of each Company to enter into the DIP ABL Credit Agreement and each other Loan Document (as defined in the DIP ABL Credit Agreement) and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets.

3

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the DIP ABL Credit Agreement substantially in the form to be executed and delivered on the Closing Date, and the transactions contemplated by the DIP ABL Credit Agreement, and the form, terms and provisions of each other Loan Document, instrument, certificate and other document as may be reasonably requested by the DIP ABL Administrative Agent or contemplated by the DIP ABL Credit Agreement or any other Loan Document and each Company's execution and delivery thereof and performance thereunder, and the guaranties, liabilities, obligations, security interests granted and notes issued, if any, in connection therewith be, and hereby are, in all respects, authorized, adopted and approved.

**FURTHER RESOLVED**, that each Company will obtain benefits from the DIP ABL Credit Agreement and it is advisable and in the best interest of each Company to enter into the DIP ABL Credit Agreement and each other Loan Document and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets.

**FURTHER RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized and empowered to negotiate the terms of and execute, deliver and perform under the DIP ABL Credit Agreement, in the name and on behalf of each Company, with such changes therein as shall be approved by the Authorized Officer executing the same, with such execution by said Authorized Officer to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from the form presented to the Board.

**FURTHER RESOLVED,** that the Authorized Officers be, and each of them, individually and acting singly hereby is, authorized, in the name and on behalf of each Company, to enter into the Guarantees as described or contemplated by the DIP ABL Credit Agreement and the other Loan Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment or any incremental agreement required to consummate the transactions contemplated by the DIP ABL Credit Agreement and perform its obligations thereunder and to guarantee the payment and performance of the Obligations of the Borrowers and any other Guarantor thereunder and to secure such guaranty by granting security interests and liens on substantially all such Company's assets, with any changes therein as shall be approved by the Authorized Officer executing the same, with such execution by said Authorized Officer to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from the form presented to the Board.

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the DIP ABL Credit Agreement, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions contemplated by the DIP ABL Credit Agreement and each other Loan Document and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of each Company, which shall in their sole judgment be necessary, proper or advisable in order to perform each Company's obligations under or in connection with the DIP ABL Credit Agreement and the transactions contemplated therein (execution by such Authorized Officer to constitute conclusive evidence of such judgment), and to carry out fully the intent of the foregoing resolutions.

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions in the capacity as the sole shareholder, partner, general partner, sole member, member, manager, or managing member of each direct subsidiary of Charming Charlie Holdings, Inc., if any, whether existing now or in the future, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, including without limitation the authorization of resolutions and agreements necessary to authorize the

4

execution, delivery and performance pursuant to the DIP ABL Credit Agreement (including certificates, affidavits, notices, reaffirmations and amendments and restatements thereof or relating thereto) as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

**FURTHER RESOLVED**, that, to the extent any Company serves as a "Controlling Company, in each case, of a Controlled Company, each Authorized Officer, any one of whom may act without the joinder of any of the others, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Officer is herein duly authorized to take on behalf of such Controlling Company.

**FURTHER RESOLVED,** that the Authorized Officers be, and each of them individually and acting singly hereby is, authorized, in the name and on behalf of each Company, to assign, transfer, pledge and grant to the DIP ABL Administrative Agent, for the ratable benefit of the respective or applicable Secured Parties, a security interest in all or substantially all the assets of such Company, as collateral security for the prompt and complete payment and performance when due of the Obligations under the Loan Documents to which such Company is a party and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause each Company to grant, create, perfect and maintain a security interest in each Company's property or assets constituting Collateral as described or contemplated in the Loan Documents.

**FURTHER RESOLVED**, that the DIP ABL Administrative Agent is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of each Company in such form and in such offices as the DIP ABL Administrative Agent determines appropriate to perfect the security interests of the Secured Parties granted under the DIP ABL Credit Agreement.  The Agent is authorized to use the collateral description "all assets" or "all or substantially all personal property assets" or any similar description in any such financing statements.

**FURTHER RESOLVED**, that all capitalized terms used in the resolutions under the caption "DIP ABL CREDIT AGREEMENT" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP ABL Credit Agreement.

## 3.    PRIOR ACTIONS

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Term Loan Credit Agreement and the DIP ABL Credit Agreement and any other instruments, agreements or documents related thereto entered into prior to, on or after the date hereof, be, and hereby are, in all respects confirmed, approved and ratified.

The actions taken by this written consent shall have the same force and effect as if taken at a meeting of each Board, duly called and constituted, pursuant to the applicable bylaws, limited liability company agreement or operating agreement of each such Company and the laws of the State of Delaware and Utah, as applicable to each Company.

This consent may be executed in as many electronic or original counterparts as may be required; all counterparts shall collectively constitute one and the same consent.

* * * * * *

**Schedule 1**

1. Charming Charlie LLC, a Delaware limited liability company (the "<u>Borrower</u>")

2. Charming Charlie USA, Inc., a Utah corporation

3. Charming Charlie Manhattan LLC, a Delaware limited liability company

4. Charming Charlie International LLC, a Delaware limited liability company

5. Charming Charlie Canada LLC, a Delaware limited liability company

6. Poseidon Partners CMS, Inc., a Delaware corporation

7. Charming Charlie Holdings, Inc., a Delaware corporation