# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| <u>In re</u> | Chapter 11 |
| **Charming Charlie Holdings Inc., et al.,** | **Case No 17-12906 (CSS)** |
| **Debtors.** | **(Jointly Administered)** |

## SCHEDULES OF ASSETS AND LIABILITIES FOR

**Charming Charlie Holdings Inc.**

**Case No: 17-12906 (CSS)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CHARMING CHARLIE HOLDINGS INC., *et al.*,[1] | ) | Case No. 17-12906 (CSS) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## GLOBAL NOTES AND
## STATEMENT OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
## OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Charming Charlie Holdings Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure.

Robert Adamek has signed each set of the Schedules and Statements. Mr. Adamek serves as the Senior Vice President and Chief Financial Officer at Debtor Charming Charlie Holdings Inc., and he is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Adamek has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Given the global scale of the Debtors' business and the hundreds of stores covered by the Schedules and Statements, Mr. Adamek has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Charming Charlie Canada LLC (0693); Charming Charlie Holdings Inc. (6139); Charming Charlie International LLC (5887); Charming Charlie LLC (0263); Charming Charlie Manhattan LLC (7408); Charming Charlie USA, Inc. (3973); and Poseidon Partners CMS, Inc. (3302). The location of the Debtors' service address is: 6001 Savoy Drive 4th Floor, Houston, Texas 77036.

the Debtors and their directors, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements.

For the avoidance of doubt, the Debtors and their agents, attorneys, and financial advisors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.

In no event shall the Debtors or their directors, officers, agents, attorneys, financial advisors, and restructuring advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, officers, agents, attorneys, financial advisors, and restructuring advisors are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1. **Description of Cases.**  On December 11, 2017 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On December 13, 2017, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 90].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The information provided in the Schedules and Statements, except as otherwise noted, is reported as of the Company's November fiscal month-end close on November 25, 2017.

2. **Global Notes Control.**  These global notes (the "Global Notes") pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the Schedules and Statements conflict with the Global Notes, the Global Notes shall control.

3. **Reservations and Limitations.**  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements. However, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except as required by applicable law.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission

of any kind with respect to these chapter 11 cases, including, but not limited to, any claims against the Debtors, any rights or claims of the Debtors against any third party, or any issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in these Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)     **No Admission.**  Nothing contained in the Schedules and Statements or the Global Notes is intended to be or should be construed as an admission or stipulation of the validity of any claim against the Debtors or any assertion made, or a waiver of the Debtors' rights to dispute any such claim or assert any cause of action or defense against any party.

(b)     **Recharacterization and Classifications.**  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

For the avoidance of doubt, listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(c)     **Claims Description.**  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by such Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim.  Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors.  The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(d)     **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts, including, but not limited to, amounts of assets and liabilities,

3

the amount of contingent assets and contingent liabilities on the date of filing the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ materially from such estimates.

(e) **Causes of Action.** Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

(f) **Intellectual Property Rights.** Exclusion of any intellectual property should not be construed as an admission that such intellectual property rights have been abandoned, terminated, or otherwise expired by their terms, or assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have not been abandoned, terminated, or otherwise expired by their terms, or assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(g) **Insiders.** In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. In the interest of additional disclosure, the Debtors have also included certain individuals who may have officer titles in their responses to Statements, Part 13, Question 28.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose.

4.    **Methodology.**

(a)    **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)    **Confidential Information.**  There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts.  Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, local restrictions on disclosure, concerns of confidentiality and protection of sensitive commercial information, or concerns for the privacy of an individual.

(c)    **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d)    **Net Book Value.**  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date.  Market values may vary—at some times materially—from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property and other assets.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(e)    **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are valued at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and Statements.  Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

KE 51271588

(f)     **Allocation of Liabilities.**  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(g)     **Undetermined Amounts.**  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

(h)     **Unliquidated Amounts.**  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(i)     **Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(j)     **Paid Claims.**  The Debtors have authority to pay certain outstanding prepetition payables pursuant to Bankruptcy Court orders.  As such, outstanding liabilities may have been reduced by any Bankruptcy Court-approved postpetition payments made on prepetition payables.   Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements with the exception that liabilities with respect to the Debtors' prepetition vendors may be listed at the amount outstanding as of the Petition Date, regardless of whether such claims have been settled and paid postpetition in accordance with the *Final Order (I) Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors, Foreign Vendors, Shippers, and Import and Export Claimants, and (II) Granting Related Relief* [Docket No. 279] (the "Final Vendors, Shippers, and Import and Export Claimants Order"), the *Final Order (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto, and (II) Granting Related Relief* [Docket No. 281], the *Final Order (I) Determining Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, (IV) Authorizing Fee Payments to Ecova for Services Performed, (V) Requiring Utility Providers to Return Deposits for Utility Services No Longer in Use, and (VI) Granting Related Relief* [Docket No. 282] (the "Utilities Order"), or the *Final Order (I) Authorizing the Debtors to (A) Pay Their Obligations Under Insurance Policies Entered into Prepetition, (B) Continue to Pay Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, (D) Maintain the Customs Surety Bonds, and (E) Honor the Terms of the Financing Agreement and Pay Premiums Thereunder, and (II) Granting Related Relief* [Docket No. 284], and any other court authority permitting such payment.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and

6

appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

(k)   **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (a) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (b) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

(l)   **Intercompany Claims.** Receivables and payables among and between the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates are reported on Statement 4, Schedule A/B, and Schedule E/F, respectively, per the Debtors' books and records. In accordance with the final order granting the Cash Management Motion (as defined herein) [Docket No. 277], the Debtors are prohibited from transferring funds to any non-Debtor affiliates during these chapter 11 cases without further order of the Bankruptcy Court and notice to the U.S. Trustee, counsel to the official committee of unsecured creditors, counsel to the agents under the Debtors' postpetition financing facilities, and counsel to the Ad Hoc Group of Term Loan Lenders. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes. Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted per the Debtors' books and records. Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records.

(m)  **Guarantees and Other Secondary Liability Claims.** The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor(s). The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue to review their books and records and

7

contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

(n)  **Excluded Assets and Liabilities.**  The Debtors may have excluded certain categories of assets and liabilities from the Schedules and Statements, including, but not limited to: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits.  Other immaterial assets and liabilities may also have been excluded.

(o)  **Liens.**  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens.

(p)  **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(q)  **Setoffs.**  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes, including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers.  These normal, ordinary course setoffs and nettings are common to the retail industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.  **Specific Schedules Disclosures.**

(a)  **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.**  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 8] (the "Cash Management Motion") and the interim and final orders granting the Cash Management Motion [Docket Nos. 96, 277].

As described in the Cash Management Motion, the Debtors have more than 320 zero-balance store-level bank accounts. Because these store-level accounts are zero-balance accounts, the Debtors have not listed the store-level accounts on the Schedules. A full schedule of the Debtors' bank accounts is included in the Cash Management Motion.

The Debtors' cash balances are listed as of the Petition Date, December 11, 2017. The balances exclude cash at the stores and cash that was in transport in armored vehicles on the Petition Date.

(b)     Additionally, the Bankruptcy Court, pursuant to the Utilities Order, authorized the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $343,087.29. Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

(c)     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries and partnerships have been listed in Schedule A/B, Part 4. The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value. The Debtors do not have any ownership interests in any joint ventures.

(d)     **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Dollar amounts are presented net of accumulated depreciation and other adjustments.

(e)     **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts are presented net of impairments and other adjustments.

Additionally, the Debtors may receive refunds for sales and use tax at various times throughout their fiscal year. As of the Petition Date, however, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.*** In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

*Interests in Insurance Policies or Annuities.* A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Their Obligations under Insurance Policies Entered Into Prepetition, (B) Continue to Pay Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, (D) Maintain the Customs Surety Bonds, and (E) Honor the Terms of the Financing Agreement and Pay Premiums Thereunder, and (II) Granting Related Relief* [Docket No. 17]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. To the extent an insurance policy is determined to have value, it will be included in Schedule A/B.

*Executory Contracts and Unexpired Leases.* Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have only listed such agreements on Schedule G.

(f)    **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim subject to the restructuring support agreement and accompanying term sheet [Docket No. 4, Ex. C] and the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* [Docket No. 309].

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and to determine the nature, extent, and priority of any liens. In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights. Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

KE 51271588

(g)    **Schedule E/F – Creditors Who Have Unsecured Claims.**

*Part 1 - Creditors with Priority Unsecured Claims.*  Pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees, and (II) Granting Related Relief*, dated December 11, 2017 [Docket No. 283], the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Taxes Order are not listed in Schedule E.

Furthermore, pursuant to the *Final Order (I) Authorizing, but not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 278] (the "<u>Final Wages Order</u>") the Debtors received final authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business.  The Debtors believe that any non-disputed, non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied. Accordingly, such amounts are not listed.

Moreover, in lieu of listing all of the Debtors' possible taxing authorities for notice purposes in Schedule E/F—a list that numbers in the thousands—the Debtors have only listed those taxing authorities with which the Debtors have pending audits.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

*Part 2 - Creditors with Nonpriority Unsecured Claims.*  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors.  However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor based on a contractual obligation.  Instead, the Schedules reflect the liability based on the Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding pending litigation involving the Debtors.  The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.  For the avoidance of doubt, demand

letters received from potential litigants as a result of alleged injuries sustained at one of the Debtors' stores that do not list a specific Debtor are listed on either Debtor Charming Charlie LLC's, Debtor Charming Charlie Canada LLC's, or Debtor Charming Charlie Manhattan LLC's Schedules, as applicable, because the foregoing Debtors collectively are the signatories to all store leases.  In addition, the Debtors' insurance may cover personal injury in part or in full.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may or have been be rejected in these chapter 11 cases.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute.  Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date.  Accordingly, the information contained in Schedules D and E/F may be incomplete.  The Debtors reserve their rights to, but undertake no obligations to, amend Schedules D and E/F if and as they receive such invoices.

(h)    **Schedule G – Executory Contracts and Unexpired Leases.**  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

12

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

(i)   **Schedule H – Co-Debtors.** In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

The Debtors have not listed any litigation-related Co-Debtors on Schedule H. Instead, all such listings can be found on the Debtors' Schedule E/F.

6.   **Specific Statements Disclosures.**

(a)   **Statements, Part 2, Questions 3 and 4 – Payments to Certain Creditors.** Prior to the Petition Date, the Debtors maintained a centralized cash management system through which certain Debtors made payments on behalf of certain Debtor affiliates and certain non-debtor affiliates, as further explained in the Cash Management Motion. Consequently, all payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by Charming Charlie Holdings Inc. or one of its Debtor affiliates from operating bank accounts (the "Operating Accounts"), on behalf of the corresponding Debtor, pursuant to the Debtors' cash management system described in the Cash Management Motion.

13

To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4.

(b)     **Statements, Part 2, Question 6 – Setoffs.**  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(q) of these Global Notes.

(c)     **Statements, Part 4, Question 9 – Certain Gifts and Charitable Contributions.**  As described in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* [Docket No. 13], the Debtors collect charitable contributions and customers through various means, including, but not limited to, cash and credit card contributions at store checkout points.  In these instances, the Debtors act as a conduit, passing the contribution through the Debtors' bank accounts to the charity.  Out of an abundance of caution, the Debtors have listed these pass-through payments in response to this Statement request.

(d)     **Statements, Part 5, Question 10 – Certain Losses.**  Given the scale of the Debtors' store footprint, certain losses cannot be tracked by the Debtors with complete accuracy and, accordingly, such losses are listed on the Debtors' Statements based on general ledger accounts that capture items such as theft, inventory shrink, and property damage.  Additionally, the Debtors only account for general recoveries of such losses, with this general amount being the recovery listed in the Statements for the one year immediately prior to the Petition Date.

(e)     **Statements, Part 6, Question 13 – Transfers not Already Listed on Statements.**  In the ordinary course of their business, the Debtors often close or remodel store locations and, in the process of doing so, may abandon, dispose of, or sell certain fixtures possessing little to no economic value.  Given the frequency of such dispositions and the difficulty in accounting for them, the Debtors have not listed such transfers in their Statements.

(f)     **Statements, Part 10, Question 20 – Off-premises storage.**  The Debtors have not disclosed in response to this question (1) inventory for sale held in mini-storage units rented by the Debtors from time to time to store excess inventory in the ordinary course of business or (2) any owned in-transit inventory.  Collection of this specific information would be time-consuming and an inefficient use of estates resources.  Further, such inventory is accounted for on the Debtors' Schedule of Assets.  In addition, the Debtors believe that these excluded items are not responsive to the intent of the question.

14

(g)   **Statements, Part 11, Question 21 – Property Held for Another.**  The Debtors are obligated under various agreements and programs to remit certain funds held for third parties to such parties and have received authorization to do so under the Final Vendors, Shippers, and Import and Export Claimants Order and the Final Wages Order.  To the extent that any of the funds described above are held or paid for the benefit of third parties, such funds do not constitute property of the Debtors' estates, and the Debtors therefore have not included such amounts in their responses to Statement Question 21.

(h)   **Statements, Part 7, Question 14 – Prior Locations.**  The Debtors operate an international enterprise with office locations around the globe.  The Debtors have not disclosed the addresses of all of these locations.  Rather, the address of each Debtor's main center of operations or headquarters as of the Petition Date was included in the Debtors' Voluntary Petitions.  For most of these locations, the dates of occupancy are not readily available.  Following entry of the *Order (I) Authorizing the Rejection of Certain Unexpired Leases, and (B) the Abandonment of Certain Personal Property, Each Effective Nunc Pro Tunc to December 31, 2017, and (II) Granting Related Relief* [Docket No. 296], Charming Charlie Holdings Inc.'s main center of operations or headquarters became 6001 Savoy Drive 4th Floor, Houston Texas 77036.

(i)   **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.**  The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided a list of these parties in their response to Statement Question 26.

(j)   **Statements, Part 13, Question 28 – Current Partners, Officers, Directors, and Shareholders.**  The Debtors incorporate by reference the *List of Equity Security Holders* filed as part of their Voluntary Petitions.

(k)   **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.**  Distributions by the Debtors to their directors and officers are listed on the attachment to Questions 3 and 4.  Certain directors and executive officers of the Company are also directors and executive officers of certain of the Company's Debtor and non-Debtor affiliates.  To the extent payments to such individuals are not listed in the response to Questions 3 and 4 on the Statements for such Debtor affiliates, they did not receive payment for their services as directors or executive officers directly from these entities.  Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date.  The amounts listed under Questions 3 and 4 reflect the gross amounts paid to such directors and executive officers rather than the net amounts after deducting for tax withholdings.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

**Charming Charlie Holdings Inc.**
**Case Number:  17-12906 (CSS)**

**Specific Disclosures with Respect to the Debtors' Schedules A/B**

**Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* [Docket No. 8] (the "Cash Management Motion") and the interim and final orders granting the Cash Management Motion [Docket Nos. 96, 277]. 9 KE 51271588

As described in the Cash Management Motion, the Debtors have more than 320 zero-balance store-level bank accounts. Because these store-level accounts are zero-balance accounts, the Debtors have not listed the store-level accounts on the Schedules. A full schedule of the Debtors' bank accounts is included in the Cash Management Motion.
The Debtors' cash balances are listed as of the Petition Date, December 11, 2017. The balances exclude cash at the stores and cash that was in transport in armored vehicles on the Petition Date.

Additionally, the Bankruptcy Court, pursuant to the Utilities Order, authorized the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $343,087.29. Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

**Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**

Ownership interests in subsidiaries and partnerships have been listed in Schedule A/B, Part 4. The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value. The Debtors do not have any ownership interests in any joint ventures.

**Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Dollar amounts are presented net of accumulated depreciation and other adjustments.

**Schedule A/B, Part 11 – All Other Assets.** Dollar amounts are presented net of impairments and other adjustments.

Additionally, the Debtors may receive refunds for sales and use tax at various times throughout their fiscal year. As of the Petition Date, however, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.*** In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11. 10 KE 51271588

***Interests in Insurance Policies or Annuities.*** A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Their Obligations under Insurance Policies Entered Into Prepetition, (B) Continue to Pay Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, (D) Maintain the Customs Surety Bonds, and (E) Honor the Terms of the Financing Agreement and Pay Premiums Thereunder, and (II) Granting Related Relief* [Docket No. 17]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. To the extent an insurance policy is determined to have value, it will be included in Schedule A/B.

***Executory Contracts and Unexpired Leases.*** Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have only listed such agreements on Schedule G.

**Fill in this information to identify the case:**

Debtor Name:    Charming Charlie Holdings Inc.

United States Bankruptcy Court for the:    FOR THE DISTRICT OF DELAWARE

Case Number (if known):    17-12906 (CSS)

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

| Part 1: | Summary of Assets |
|---|---|

**1. Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**

Copy line 88 from Schedule A/B ..................................................................... | $0

1b. **Total personal property:**

Copy line 91A from Schedule A/B ..................................................................... | $20,048,085

**+**

1c. **Total of all property:**

Copy line 92 from Schedule A/B ..................................................................... | $20,048,085

| Part 2: | Summary of Liabilities |
|---|---|

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ............................. | $154,201,137

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**

Copy the total claims from Part 1 from line 6a of Schedule E/F .................................................... | $0

3b. **Total amount of claims of nonpriority amount of unsecured claims:**

Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F ..................................... | $0

**+**

**4. Total liabilities**

Lines 2 + 3a + 3b ..................................................................... | $154,201,137

**Charming Charlie Holdings Inc.**                    **Case Number:   17-12906 (CSS)**

## Schedule A/B: Assets — Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---|---|

1.  **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| General description | Type of account        (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| 2.  **Cash on hand** | | | |
| 2.1 _____ | _____ | _____ | _____ |
| 3.  **Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1 _____ | _____ | _____ | _____ |
| 4.  **Other cash equivalents (Identify all)** | | | |
| 4.1 _____ | _____ | _____ | _____ |

5.  **Total of Part 1.**

   Add lines 2 through 4. Copy the total to line 80.

   _____

**Charming Charlie Holdings Inc.**                                    **Case Number:   17-12906 (CSS)**

## Schedule A/B: Assets — Real and Personal Property

| Part 2: | Deposits and prepayments |
|---|---|

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---|---|
| | |

7.  **Deposits, including security deposits and utility deposits**
    Description, including name of holder of deposit

    7.1 _____    _____

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
    Description, including name of holder of prepayment

    8.1 _____    _____

9.  **Total of Part 2**
    Add lines 7 through 8. Copy the total to line 81.                    _____

**Charming Charlie Holdings Inc.**                    **Case Number:   17-12906 (CSS)**

## Schedule A/B: Assets — Real and Personal Property

| Part 3: | Accounts receivable |
|---------|---------------------|

10.   **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| General description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---------------------|--------------------------|---------------------------|-------------------------------------|

11.   Accounts receivable

11a. 90 days old or less:    _____ - _____ = _____

11b. Over 90 days old:    _____ - _____ = _____

11c. All accounts receivable:    _____ - _____ = _____

12.   **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**Charming Charlie Holdings Inc.**                                           **Case Number:   17-12906 (CSS)**

## Schedule A/B: Assets — Real and Personal Property

| Part 4: | Investments |
|---|---|

13.  **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| General description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14.  **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1 _____   _____   _____

15.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:

15.1 _____   _____   _____

16.  **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____   _____   _____

17.  **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                    _____

Charming Charlie Holdings Inc., et al.
Organizational Structure
Exhibit Related to Schedule A/B, Part 4, Question 15 and SOFA 25

| Entity[1] | Status | Street Address | Date of Incorporation | Date of Termination | Location of Incorporation | Federal Tax ID | Ownership | Nature of Business |
|---|---|---|---|---|---|---|---|---|
| Charming Charlie Holdings Inc | Debtor | 5999 Savoy Drive, Houston, Texas 77036 | 12/16/2013 | | Delaware, USA | 80-096613 | Various | Holding Company: Retail |
| Charming Charlie USA Inc | Debtor | 5999 Savoy Drive, Houston, Texas 77036 | 8/28/2015 | | Utah, USA | 46-519397 | 100.00% | Management Office |
| Charming Charlie LLC | Debtor | 5999 Savoy Drive, Houston, Texas 77036 | 3/3/2008 | | Delaware, USA | 87-072026 | 100.00% | Retail |
| Poseidon Partners CMS Inc | Debtor | 5999 Savoy Drive, Houston, Texas 77036 | 7/30/2009 | | Delaware, USA | 27-088330 | 100.00% | Real Estate Development |
| Charming Charlie Manhattan LLC | Debtor | 5999 Savoy Drive, Houston, Texas 77036 | 7/19/2013 | | Delaware, USA | 46-330740 | 100.00% | Retail |
| Charming Charlies International LLC | Debtor | 5999 Savoy Drive, Houston, Texas 77036 | 3/11/2014 | | Delaware, USA | 46-517588 | 100.00% | Retail |
| Charming Charlie Canada LLC | Debtor | 5999 Savoy Drive, Houston, Texas 77036 | 4/9/2014 | | Delaware, USA | 46-536069 | 100.00% | Retail |
| Charming Charlie Global UK Limited | Non-debtor | Broadgate Twr Fl3, 20 Primrose St / London ED2A 5RS, UK | 11/20/2015 | | UK | 98-129899 | 100.00% | Retail |
| Charming Charlie Global FZE (Dubai) | Non-debtor | Office No. S10122A20210, JAFZA South, Jebel Ali Free Zone, Dubai, UAE | 7/19/2016 | | Dubai, UAE | 98-132673 | 100.00% | Intellectual Property |
| Charming Charlie Global Cayman Islands | Non-debtor | 190 Elign Avenue,  George Town, Grand Cayman KY1-9005, Cayman Islands | 3/2/2015 | | Cayman Islands | 98-129899 | 100.00% | Intellectual Property |
| Charming Charlie Logistics | Non-debtor | Office No. S10122A20210, JAFZA South, Jebel Ali Free Zone, Dubai, UAE | 1/26/2017 | | Dubai, UAE | 98-138356 | 100.00% | Logistic Services |
| Charming Charlie Global Beneficiary One Cayman Islands | Non-debtor | Office No. S10122A20210, JAFZA South, Jebel Ali Free Zone, Dubai, UAE | 1/26/2017 | | Dubai, UAE | 98-138356 | 100.00% | Logistics Services |
| Charming Charlie Global Beneficiary Two Cayman Islands | Non-debtor | Office No. S10122A20210, JAFZA South, Jebel Ali Free Zone, Dubai, UAE | 1/26/2017 | | Dubai, UAE | 98-138356 | 100.00% | Logistics Services |
| Charming Charlie Global (Shanghai) Trading | Non-debtor | Room 037, Block 126, Anning Road, Changning District, 492 CHINA | 7/23/2017 | | CHINA | 98-138521 | 100.00% | Logistic Services |

Notes:
1. For ownership purposes, subsidiaries are shown as indented following their parent within the above

Charming Charlie Holdings Inc.                                    Case Number:   17-12906 (CSS)

## Schedule A/B: Assets — Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets |
|---------|------------------------------------------|

18.  **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|

19.  **Raw materials**

19.1 _____  _____  _____  _____  _____

20.  **Work in progress**

20.1 _____  _____  _____  _____  _____

21.  **Finished goods, including goods held for resale**

21.1 _____  _____  _____  _____  _____

22.  **Other Inventory or supplies**

22.1 _____  _____  _____  _____  _____

23.  **Total of Part 5.**                                                        _____

Add lines 19 through 22. Copy the total to line 84.

24.  **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.    Book Value _____    Valuation method _____    Current value _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Charming Charlie Holdings Inc.**                                    Case Number:   17-12906 (CSS)

## Schedule A/B: Assets — Real and Personal Property

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|---------|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------------------------------|------------------------------------|-------------------------|
| 28. **Crops—either planted or harvested** | | | |
| 28.1 | | | |
| 29. **Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | |

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.   Book Value _____   Valuation method _____   Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Charming Charlie Holdings Inc.**                                    **Case Number:    17-12906 (CSS)**

## Schedule A/B: Assets — Real and Personal Property

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---------|-----|

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39.  **Office furniture**

39.1 _____     _____     _____     _____

40.  **Office fixtures**

40.1 _____     _____     _____     _____

41.  **Office equipment, including all computer equipment and communication systems equipment and software**

41.1 _____     _____     _____     _____

42.  **Collectibles**

42.1 _____     _____     _____     _____

43.  **Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.                         [                    ]

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Specific Notes**

All fixed assets are property either of Charming Charlie LLC or Charming Charlie Canada LLC.

Charming Charlie Holdings Inc.                                          Case Number:    17-12906 (CSS)

## Schedule A/B: Assets — Real and Personal Property

| Part 8: | Machinery, equipment, and vehicles |
|---------|-------------------------------------|

46.   **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑  No. Go to Part 9.

☐  Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------------------------|-----------------------------|------------------------|

47.   **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

47.1  _____   _____   _____   _____

48.   **Watercraft, trailers, motors, and related accessories**
        Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1  _____   _____   _____   _____

49.   **Aircraft and accessories**

49.1  _____   _____   _____   _____

50.   **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1  _____   _____   _____   _____

51.   **Total of Part 8**                                                           _____

Add lines 47 through 50. Copy the total to line 87.

52.   **Is a depreciation schedule available for any of the property listed in Part 8?**

☐  No

☐  Yes

53.   **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐  No

☐  Yes

**Charming Charlie Holdings Inc.**                    **Case Number:   17-12906 (CSS)**

## Schedule A/B: Assets — Real and Personal Property

| Part 9: | Real property |
|---|---|

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| 55.1 | NONE | | | | $0 |
|---|---|---|---|---|---|

56. **Total of Part 9**

Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

| $0 |
|---|

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Charming Charlie Holdings Inc.**                                        **Case Number:   17-12906 (CSS)**

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

60.  **Patents, copyrights, trademarks, and trade secrets**

60.1 _____   _____   _____   _____

61.  **Internet domain names and websites**

61.1 _____   _____   _____   _____

62.  **Licenses, franchises, and royalties**

62.1 _____   _____   _____   _____

63.  **Customer lists, mailing lists, or other compilations**

63.1 _____   _____   _____   _____

64.  **Other intangibles, or intellectual property**

64.1 _____   _____   _____   _____

65.  **Goodwill**

65.1 _____   _____   _____   _____

66.  **Total of Part 10**

Add lines 60 through 65. Copy the total to line 89.

|  |
|---|
|  |

67.  **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No

☐ Yes

68.  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69.  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

Charming Charlie Holdings Inc.                                      Case Number:   17-12906 (CSS)

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
|---|---|

70.  **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

    ☐ No. Go to Part 12.

    ☑ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---|---|

71.  **Notes receivable**
    Description (include name of obligor)

    71.1

72.  **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

    72.1   NET OPERATING LOSS                      $20,048,085
            (Tax year: 2017)

73.  **Interests in insurance policies or annuities**

    73.1

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

    74.1

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

    75.1

76.  **Trusts, equitable or future interests in property**

    76.1

77.  **Other property of any kind not already listed Examples: Season tickets, country club membership**
    Examples: Season tickets, country club membership

    77.1

**Charming Charlie Holdings Inc.**                                      **Case Number:   17-12906 (CSS)**

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
|---|---|

78.  **Total of Part 11**
     Add lines 71 through 77. Copy the total to line
     90.

$20,048,085

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

<u>Specific Notes</u>

$20.05 million net operating loss (NOL) had carry-forward value at the time of the filing, but new federal tax bill changes will remove the NOL carry-forward for the 2018 fiscal year. As of fiscal year 2018 this NOL may have no value.

Charming Charlie Holdings Inc.                                               Case Number:   17-12906 (CSS)

## Schedule A/B: Assets — Real and Personal Property

**Part 12:**     **Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80.    Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0 | | |
| 81.    Deposits and prepayments. Copy line 9, Part 2. | $0 | | |
| 82.    Accounts receivable. Copy line 12, Part 3. | $0 | | |
| 83.    Investments. Copy line 17, Part 4. | $0 | | |
| 84.    Inventory. Copy line 23, Part 5. | $0 | | |
| 85.    Farming and fishing-related assets. Copy line 33, Part 6. | $0 | | |
| 86.    Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0 | | |
| 87.    Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0 | | |
| 88.    Real property. Copy line 56, Part 9. | | $0 | |
| 89.    Intangibles and intellectual property. Copy line 66, Part 10. | $0 | | |
| 90.    All other assets. Copy line 78, Part 11. | $20,048,085 | | |
| 91.    Total. Add lines 80 through 90 for each column. | a. $20,048,085 | b. $0 | |

92.  **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**         **$20,048,085**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

**Charming Charlie Holdings Inc.**
**Case Number:  17-12906 (CSS)**

<u>Specific Disclosures with Respect to the Debtors' Schedule D</u>

**Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim subject to the restructuring support agreement and accompanying term sheet [Docket No. 4, Ex. C] and the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying Automatic Stay, and (VI) Granting Related Relief* [Docket No. 309].

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and to determine the nature, extent, and priority of any liens. In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights. Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

**Charming Charlie Holdings Inc.**                                        Case Number:  **17-12906 (CSS)**

## Schedule D: Creditors Who Have Claims Secured by Property

1.  **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---------|----------------------------------------|

2.  **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | | | |
| **2.1** BANK OF AMERICA, N.A.<br>100 FEDERAL STREET<br>MA5-100-09-09<br>BOSTON, MA 02110 | ☐ | ☐ | ☑ | DATE: 6/22/2015<br><br>PROPERTY DESCRIPTION: ABL | ☐ | ☐ | ☐ | $14,844,609 | |
| **2.2** MORGAN STANLEY SENIOR FUNDING, INC.<br>1585 BROADWAY<br>ATTN: M. CHARLES RAY<br>NEW YORK, NY 10036 | ☐ | ☐ | ☑ | DATE: 12/24/2013<br><br>PROPERTY DESCRIPTION: TERM LOAN | ☐ | ☐ | ☐ | $132,156,528 | |

Secured Debt Total:  **$147,001,137**

**Charming Charlie Holdings Inc.**                                                          Case Number:  17-12906 (CSS)

## Schedule D: Creditors Who Have Claims Secured by Property

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C U D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| **Letters of Credit** | | | | | | | |
| 2.3 BANK OF AMERICA, N.A.<br>100 FEDERAL STREET<br>MA5-100-09-09<br>BOSTON, MA 02110<br><br>ACCT. LAST 4: 6532 | ☐ | ☐ | ☑ | DATE: 6/14/2016<br><br>PROPERTY DESCRIPTION: BENEFICIARY - AVALON RISK MANAGEMENT<br>LIEN DESCRIPTION: LETTER OF CREDIT | ☐ ☐ ☐ | $600,000 | |
| 2.4 BANK OF AMERICA, N.A.<br>100 FEDERAL STREET<br>MA5-100-09-09<br>BOSTON, MA 02110<br><br>ACCT. LAST 4: 4607 | ☐ | ☐ | ☑ | DATE: 3/18/2016<br><br>PROPERTY DESCRIPTION: BENEFICIARY - AVALON RISK MANAGEMENT<br>LIEN DESCRIPTION: LETTER OF CREDIT | ☐ ☐ ☐ | $300,000 | |
| 2.5 BANK OF AMERICA, N.A.<br>100 FEDERAL STREET<br>MA5-100-09-09<br>BOSTON, MA 02110<br><br>ACCT. LAST 4: 5757 | ☐ | ☐ | ☑ | DATE: 11/16/2017<br><br>PROPERTY DESCRIPTION: BENEFICIARY - AVALON RISK MANAGEMENT<br>LIEN DESCRIPTION: LETTER OF CREDIT | ☐ ☐ ☐ | $1,000,000 | |
| 2.6 BANK OF AMERICA, N.A.<br>100 FEDERAL STREET<br>MA5-100-09-09<br>BOSTON, MA 02110<br><br>ACCT. LAST 4: 4956 | ☐ | ☐ | ☑ | DATE: 4/18/2016<br><br>PROPERTY DESCRIPTION: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A.<br>LIEN DESCRIPTION: LETTER OF CREDIT | ☐ ☐ ☐ | $1,700,000 | |

**Charming Charlie Holdings Inc.**                                                                **Case Number:  17-12906 (CSS)**

## Schedule D: Creditors Who Have Claims Secured by Property

| | Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C U D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|
| **Letters of Credit** | | | | | | | | |
| 2.7 | BANK OF AMERICA, N.A.<br>100 FEDERAL STREET<br>MA5-100-09-09<br>BOSTON, MA 02110<br><br>ACCT. LAST 4: 6418 | ☐ | ☐ | ☑ | DATE: 2/17/2016<br><br>PROPERTY DESCRIPTION: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A.<br>LIEN DESCRIPTION: LETTER OF CREDIT | ☐ ☐ ☐ | $2,300,000 | |
| 2.8 | BANK OF AMERICA, N.A.<br>100 FEDERAL STREET<br>MA5-100-09-09<br>BOSTON, MA 02110<br><br>ACCT. LAST 4: 9527 | ☐ | ☐ | ☑ | DATE: 11/8/2016<br><br>PROPERTY DESCRIPTION: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC<br>LIEN DESCRIPTION: LETTER OF CREDIT | ☐ ☐ ☐ | $300,000 | |
| 2.9 | BANK OF AMERICA, N.A.<br>100 FEDERAL STREET<br>MA5-100-09-09<br>BOSTON, MA 02110<br><br>ACCT. LAST 4: 6419 | ☐ | ☐ | ☑ | DATE: 2/8/2016<br><br>PROPERTY DESCRIPTION: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC<br>LIEN DESCRIPTION: LETTER OF CREDIT | ☐ ☐ ☐ | $1,000,000 | |

Letters of Credit Total:    **$7,200,000**

**Charming Charlie Holdings Inc.**                                    Case Number:  **17-12906 (CSS)**

## Schedule D: Creditors Who Have Claims Secured by Property

<u>**Amount of Claim**</u>

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          **$154,201,137**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

**Charming Charlie Holdings Inc.**
**Case Number: 17-12906 (CSS)**

---

**Specific Disclosures with Respect to the Debtors' Schedules E/F**

**Schedule E/F – Creditors Who Have Unsecured Claims.**

***Part 1 - Creditors with Priority Unsecured Claims.*** Pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees, and (II) Granting Related Relief*, dated December 11, 2017 [Docket No. 283], the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Taxes Order are not listed in Schedule E.

Furthermore, pursuant to the *Final Order (I) Authorizing, but not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 278] (the "Final Wages Order") the Debtors received final authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Debtors believe that any non-disputed, non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied. Accordingly, such amounts are not listed.

Moreover, in lieu of listing all of the Debtors' possible taxing authorities for notice purposes in Schedule E/F—a list that numbers in the thousands—the Debtors have only listed those taxing authorities with which the Debtors have pending audits.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

***Part 2 - Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors. However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor based on a contractual obligation. Instead, the Schedules reflect the liability based on the Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. For the avoidance of doubt, demand letters received from potential litigants as a result of alleged injuries sustained at one of the Debtors' stores that do not list a specific Debtor are listed on either Debtor Charming Charlie LLC's, Debtor Charming Charlie Canada LLC's, or Debtor Charming Charlie Manhattan LLC's Schedules, as applicable, because the foregoing Debtors collectively are the signatories to all store leases. In addition, the Debtors' insurance may cover personal injury in part or in full.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may or have been be rejected in these chapter 11 cases.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to, but undertake no obligations to, amend Schedules D and E/F if and as they receive such invoices.

Charming Charlie Holdings Inc.                                    Case Number:  17-12906 (CSS)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     **List All Creditors with PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☐ No. Go to Part 2.

   ☑ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| 2.1  CITY OF LAKEWOOD<br>480 SOUTH ALLISON PARKWAY<br>LAKEWOOD, COLO.<br>LAKEWOOD, CO 80226 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.2  COMMONWEALTH OF VIRGINIA<br>DEPARTMENT OF TAXATION<br>P.O. BOX 20375<br>BEAUMONT, TX 77720 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.3  DALLAS SERVICE CENTER<br>ATTN: TIM DUNCAN, FL DOR AUDITOR<br>4425 W AIRPORT FWY, STE 575<br>IRVING, TX 75062-5857 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.4  INTERNAL REVENUE SERVICE<br>LARGE BUSINESS & INTERNATIONAL<br>DIVISION (LB&I)<br>8701 S. GESSNER DRIVE<br>STOP 1 107 HAL ROOM 430<br>HOUSTON, TX 77074 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.5  JEFFERSON PARISH<br>P.O. BOX 248<br>GRETNA, LA 70054-0248 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.6  LOUISIANA DEPARTMENT OF REVENUE<br>P.O. BOX 5199<br>BATON ROUGE, LA 70824-5199 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.7  NEW YORK STATE DEPARTMENT OF<br>TAXATION AND FINANCE<br>340 EAST MAIN STREET<br>ROCHESTER, NY 14604-2108 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.8  OHIO DEPARTMENT OF TAXATION<br>4485 NORTHLAND RIDGE BLVD<br>COLUMBUS, OH 43229 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.9  STATE OF CALIFORNIA<br>FRANCHISE TAX BOARD<br>ATTN: ANH T. PHAM, TAX AUDITOR<br>1415 LOUISIANA ST, STE 1515<br>HOUSTON, TX 77002 | UNKNOWN<br><br>ACCOUNT NO.: NOT<br>AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Charming Charlie Holdings Inc.**                              Case Number:  **17-12906 (CSS)**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    **List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

**Taxes and certain other debts owed to the government 507(a)(8)**

|  |  | | | | | |  |
|---|---|---|---|---|---|---|---|
| | Taxes and certain other debts owed to the government 507(a)(8) Total: | | | | | **UNDETERMINED** | **UNDETERMINED** |

**Charming Charlie Holdings Inc.**                                    Case Number:   17-12906 (CSS)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

**Total: All Creditors with PRIORITY Unsecured Claims**            UNDETERMINED   UNDETERMINED

**Charming Charlie Holdings Inc.**                                    Case Number:  **17-12906 (CSS)**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

3.    **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **3.**         NONE | | ☐ | ☐ | ☐ | | ☐ | |
| | | | | | | Total: | **UNDETERMINED** |

**Charming Charlie Holdings Inc.**                                    Case Number:   17-12906 (CSS)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**      **List All Creditors with NONPRIORITY Unsecured Claims**

**Total: All Creditors with NONPRIORITY Unsecured Claims**                    **UNDETERMINED**

## Intercompany Summary

| Due To Company Name | GL Account | Due From Company Name | Ending Balance as of 12/10/17 |
|---|---|---|---|
| Charming Charlie LLC | 12500 - I/C Accounts Receivable | Charming Charlie Canada LLC | 810,471.44 |
| Charming Charlie LLC | 12500 - I/C Accounts Receivable | Charming Charlie Global UK Limited | 675,205.07 |
| Charming Charlie LLC | 12500 - I/C Accounts Receivable | Charming Charlie International LLC | 19,061.29 |
| Charming Charlie LLC | 12510 - Due to/Due from Co 101 | Charming Charlie USA Inc | 38,823,548.45 |
| Charming Charlie LLC | 12530 - I/C Management Fee Accts Receivable | Charming Charlie USA Inc | 88,452,376.00 |
| Charming Charlie USA Inc | 12500 - I/C Accounts Receivable | Charming Charlie Global UK Limited | 444,446.00 |
| Charming Charlie USA Inc | 12520 - Due to/Due from Co 103 | Charming Charlie LLC | (38,823,548.45) |
| Charming Charlie USA Inc | 12530 - I/C Management Fee Accts Receivable | Charming Charlie LLC | 41,898,604.05 |
| Charming Charlie USA Inc | 12530 - I/C Management Fee Accts Receivable | Charming Charlie Canada LLC | 671,528.00 |
| Charming Charlie Canada LLC | 12500 - I/C Accounts Receivable | Charming Charlie LLC | 632,741.15 |
| Charming Charlie Canada LLC | 12500 - I/C Accounts Receivable | Revaluation | 3,305.48 |
| Charming Charlie Canada LLC | 12500 - I/C Accounts Receivable | Charming Charlie Global UK Limited | 32,139.74 |
| Charming Charlie Canada LLC | 12530 - I/C Management Fee Accts Receivable | Charming Charlie USA Inc | 980,794.00 |
| Charming Charlie Canada LLC | 12530 - I/C Management Fee Accts Receivable | Revaluation | 112,787.64 |
| Charming Charlie Global UK Limited | 12500 - I/C Accounts Receivable | Charming Charlie LLC | 1,342,449.78 |
| Charming Charlie Global UK Limited | 12500 - I/C Accounts Receivable | Charming Charlie Canada LLC | 923.40 |
| Charming Charlie Global UK Limited | 12500 - I/C Accounts Receivable | Charming Charlie International LLC | 273,128.67 |
| Charming Charlie Global UK Limited | 12500 - I/C Accounts Receivable | Charming Charlie USA Inc | 30,000.00 |
| Charming Charlie International LLC | 12500 - I/C Accounts Receivable | Charming Charlie LLC | 329,607.46 |
| Charming Charlie International LLC | 12500 - I/C Accounts Receivable | Charming Charlie Global UK Limited | 2,211,040.94 |
| Charming Charlie LLC | 12600-I/C Receivable -Stock Ledger | Charming Charlie Canada LLC | 1,949,427.38 |
| Charming Charlie LLC | 12600-I/C Receivable -Stock Ledger | Charming Charlie Global UK Limited | 252,921.20 |

**Charming Charlie Holdings Inc.**                                    Case Number:   **17-12906 (CSS)**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5.**    **Add the amounts of priority and nonpriority unsecured claims.**

<u>Total of claim amounts</u>

| | | |
|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. |
| 5b. | **Total claims from Part 2** | 5b.    **+**    UNDETERMINED |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c.    UNDETERMINED |

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

**Charming Charlie Holdings Inc.**

**Case Number: 17-12906 (CSS)**

**Specific Disclosures with Respect to the Debtors' Schedule G**

**Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

**Charming Charlie Holdings Inc.**                                                    **Case Number:   17-12906 (CSS)**

## Schedule G: Executory Contracts and Unexpired Leases

1.   **Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2.   **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.        NONE | | | ☐ | | NOT AVAILABLE |

**Charming Charlie Holdings Inc.**                                          **Case Number:   17-12906 (CSS)**

## Schedule G: Executory Contracts and Unexpired Leases

**TOTAL NUMBER OF CONTRACTS:  0**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

**Charming Charlie Holdings Inc.**
**Case Number: 17-12906 (CSS)**

**Specific Disclosures with Respect to the Debtors' Schedule H**

**Schedule H – Co-Debtors.** In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

The Debtors have not listed any litigation-related Co-Debtors on Schedule H. Instead, all such listings can be found on the Debtors' Schedule E/F.

**Charming Charlie Holdings Inc.**                                    **Case Number:   17-12906 (CSS)**

## Schedule H: Codebtors

1.   **Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

2.   **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**

Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.1   CHARMING CHARLIE CANADA LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68124607 | ☐ | ☐ | ☐ |
| 2.2   CHARMING CHARLIE INTERNATIONAL LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68124607 | ☐ | ☐ | ☐ |
| 2.3   CHARMING CHARLIE LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68124607 | ☐ | ☐ | ☐ |
| 2.4   CHARMING CHARLIE MANHATTAN LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68124607 | ☐ | ☐ | ☐ |
| 2.5   CHARMING CHARLIE USA, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68124607 | ☐ | ☐ | ☐ |
| 2.6   POSEIDON PARTNERS CMS, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68124607 | ☐ | ☐ | ☐ |
| 2.7   CHARMING CHARLIE CANADA LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68126532 | ☐ | ☐ | ☐ |
| 2.8   CHARMING CHARLIE INTERNATIONAL LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68126532 | ☐ | ☐ | ☐ |
| 2.9   CHARMING CHARLIE LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68126532 | ☐ | ☐ | ☐ |
| 2.10  CHARMING CHARLIE MANHATTAN LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68126532 | ☐ | ☐ | ☐ |

**Charming Charlie Holdings Inc.**                                    **Case Number:   17-12906 (CSS)**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.11   CHARMING CHARLIE USA, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68126532 | ☐ | ☐ | ☐ |
| 2.12   POSEIDON PARTNERS CMS, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68126532 | ☐ | ☐ | ☐ |
| 2.13   CHARMING CHARLIE CANADA LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68135757 | ☐ | ☐ | ☐ |
| 2.14   CHARMING CHARLIE INTERNATIONAL LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68135757 | ☐ | ☐ | ☐ |
| 2.15   CHARMING CHARLIE LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68135757 | ☐ | ☐ | ☐ |
| 2.16   CHARMING CHARLIE MANHATTAN LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68135757 | ☐ | ☐ | ☐ |
| 2.17   CHARMING CHARLIE USA, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68135757 | ☐ | ☐ | ☐ |
| 2.18   POSEIDON PARTNERS CMS, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - AVALON RISK MANAGEMENT - 68135757 | ☐ | ☐ | ☐ |
| 2.19   CHARMING CHARLIE CANADA LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68116419 | ☐ | ☐ | ☐ |
| 2.20   CHARMING CHARLIE INTERNATIONAL LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68116419 | ☐ | ☐ | ☐ |
| 2.21   CHARMING CHARLIE LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68116419 | ☐ | ☐ | ☐ |
| 2.22   CHARMING CHARLIE MANHATTAN LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68116419 | ☐ | ☐ | ☐ |

**Charming Charlie Holdings Inc.**                                          **Case Number:   17-12906 (CSS)**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.23  CHARMING CHARLIE USA, INC. 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68116419 | ☐ | ☐ | ☐ |
| 2.24  POSEIDON PARTNERS CMS, INC. 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68116419 | ☐ | ☐ | ☐ |
| 2.25  CHARMING CHARLIE CANADA LLC 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68129527 | ☐ | ☐ | ☐ |
| 2.26  CHARMING CHARLIE INTERNATIONAL LLC 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68129527 | ☐ | ☐ | ☐ |
| 2.27  CHARMING CHARLIE LLC 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68129527 | ☐ | ☐ | ☐ |
| 2.28  CHARMING CHARLIE MANHATTAN LLC 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68129527 | ☐ | ☐ | ☐ |
| 2.29  CHARMING CHARLIE USA, INC. 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68129527 | ☐ | ☐ | ☐ |
| 2.30  POSEIDON PARTNERS CMS, INC. 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - ROSENTHAL & ROSENTHAL, INC - 68129527 | ☐ | ☐ | ☐ |
| 2.31  CHARMING CHARLIE CANADA LLC 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68116418 | ☐ | ☐ | ☐ |
| 2.32  CHARMING CHARLIE INTERNATIONAL LLC 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68116418 | ☐ | ☐ | ☐ |
| 2.33  CHARMING CHARLIE LLC 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68116418 | ☐ | ☐ | ☐ |
| 2.34  CHARMING CHARLIE MANHATTAN LLC 5999 SAVOY DR. HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68116418 | ☐ | ☐ | ☐ |

**Charming Charlie Holdings Inc.**                    **Case Number:   17-12906 (CSS)**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.35   CHARMING CHARLIE USA, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68116418 | ☐ | ☐ | ☐ |
| 2.36   POSEIDON PARTNERS CMS, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68116418 | ☐ | ☐ | ☐ |
| 2.37   CHARMING CHARLIE CANADA LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68124956 | ☐ | ☐ | ☐ |
| 2.38   CHARMING CHARLIE INTERNATIONAL LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68124956 | ☐ | ☐ | ☐ |
| 2.39   CHARMING CHARLIE LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68124956 | ☐ | ☐ | ☐ |
| 2.40   CHARMING CHARLIE MANHATTAN LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68124956 | ☐ | ☐ | ☐ |
| 2.41   CHARMING CHARLIE USA, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68124956 | ☐ | ☐ | ☐ |
| 2.42   POSEIDON PARTNERS CMS, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: BENEFICIARY - THE CIT GROUP/COMMERCIAL SVCS, INC., AND/OR CIT BANK, N.A. - 68124956 | ☐ | ☐ | ☐ |
| 2.43   CHARMING CHARLIE CANADA LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE ASSET BASED LOAN | ☐ | ☐ | ☐ |
| 2.44   CHARMING CHARLIE INTERNATIONAL LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE ASSET BASED LOAN | ☐ | ☐ | ☐ |
| 2.45   CHARMING CHARLIE LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE ASSET BASED LOAN | ☐ | ☐ | ☐ |
| 2.46   CHARMING CHARLIE MANHATTAN LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE ASSET BASED LOAN | ☐ | ☐ | ☐ |

**Charming Charlie Holdings Inc.**                    **Case Number:   17-12906 (CSS)**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2. 47  CHARMING CHARLIE USA, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE ASSET BASED LOAN | ☐ | ☐ | ☐ |
| 2. 48  POSEIDON PARTNERS CMS, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE ASSET BASED LOAN | ☐ | ☐ | ☐ |
| 2. 49  CHARMING CHARLIE CANADA LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE TERM LOAN | ☐ | ☐ | ☐ |
| 2. 50  CHARMING CHARLIE INTERNATIONAL LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE TERM LOAN | ☐ | ☐ | ☐ |
| 2. 51  CHARMING CHARLIE LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE TERM LOAN | ☐ | ☐ | ☐ |
| 2. 52  CHARMING CHARLIE MANHATTAN LLC<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE TERM LOAN | ☐ | ☐ | ☐ |
| 2. 53  CHARMING CHARLIE USA, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE TERM LOAN | ☐ | ☐ | ☐ |
| 2. 54  POSEIDON PARTNERS CMS, INC.<br>5999 SAVOY DR.<br>HOUSTON, TX 77036 | SCHEDULE_D ID: CHARMING CHARLIE TERM LOAN | ☐ | ☐ | ☐ |

**Total Number of Co-Debtor / Creditor rows: 54**

Fill in this information to identify the case and this filing:

Debtor Name:    Charming Charlie Holdings Inc.

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case Number (if known):    17-12906 (CSS)

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

[X] Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)

[X] Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

[X] Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

[X] Schedule G:  Executory Contracts and Unexpired Leases (Official Form 206G)

[X] Schedule H: Codebtors (Official Form (206H)

[X] Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

[ ] Amended Schedule _____

[ ] Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** _____January 19, 2018_____    **Signature:** _/s/ Robert Adamek_____

Robert Adamek, Chief Financial Officer
**Name and Title**