**<u>EXHIBIT B</u>**

**Bar Date Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHARMING CHARLIE HOLDINGS INC., *et al.*,[1] | ) Case No. 17-12906 (CSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Related to Docket No. 167** |

## ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (c) approving the form of and manner for filing proofs of claim, including any section 503(b)(9) requests for payment, and (d) approving the forma and manner of notice of the Bar Dates; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Charming Charlie Canada LLC (0693); Charming Charlie Holdings Inc. (6139); Charming Charlie International LLC (5887); Charming Charlie LLC (0263); Charming Charlie Manhattan LLC (7408); Charming Charlie USA, Inc. (3973); and Poseidon Partners CMS, Inc. (3302). The location of the Debtors' service address is: 6001 Savoy Drive, Houston, Texas 77036.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

## I.      The Bar Dates and Procedures for Filing Proofs of Claim

2.      Each entity[3] that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original, written proof of claim, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Specifically, the following bar dates ("Bar Date" or "Bar Dates," as applicable) are established:

---

[3]   Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]   Copies of Official Form 410 may be obtained by:  (a) calling the Debtors' restructuring hotline at 844-452-2141; (b) visiting the Debtors' restructuring website at:  http://www.omnimgt.com/charmingcharlie; (c) writing to the Debtors' Claims Processing Center:  (i) via hard copy to: Charming Charlie Holdings Inc., c/o Rust Consulting/Omni Bankruptcy, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; (ii) via email to:

2

a.  Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, must be filed so that they are *actually received* **on or before February 19**, ***2018 at 5:00 p.m.***, prevailing Eastern Time (the "General Bar Date"), at the addresses and in the form set forth herein.  The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or this Order.

b.  All governmental units (as defined in section 101 (27) of the Bankruptcy Code) holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so they are *actually received* **on or before** ***June 9, 2018, at 5:00 p.m.***, prevailing Eastern Time (the "Governmental Bar Date"), at the addresses and in the form set forth herein.

c.  If the Debtors amend the Schedules, affected holders must file proofs of claim, if necessary, by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (b) 5:00 p.m. prevailing Eastern Time, on the date that is 24 days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

d.  Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (a) the General Bar Date; (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) where rejection of any executory contract or unexpired lease of the Debtors is pursuant to the Rejection Procedures and no objection to the rejection of the applicable contract is timely filed, on the date that is 30 days following the Rejection Objection Deadline[5], or such other date agreed to between

---

charmingcharlie@omnimgt.com; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

[5]  Defined terms used in this clause have the meanings ascribed to such terms in the *Debtors' Motion Seeking Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 20]

PHIL1 6722485v.6

the applicable contract counterparty and the Debtors or Reorganized Debtors, as applicable (the "Rejection Damages Bar Date").

     e.     For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is permitted to file a single proof of claim on account of its claims arising under the applicable contract or lease agreement (including claims for prepetition defaults and rejection damages) by the Rejection Damages Bar Date.

3.     All proofs of claim must be filed so as to be actually received by Rust Consulting/ Omni Bankruptcy ("Rust/Omni"), the notice and claims agent retained in these chapter 11 cases, on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein). If proofs of claim are not received by Rust/Omni on or before the Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims may be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

## II.     Parties Exempted from the Bar Date

4.     The following categories of claimants shall not be required to file a proof of claim by the Bar Date:

     a.     any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Rust/Omni in a form substantially similar to Official Form 410;

     b.     any entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

     c.     any entity whose claim has previously been allowed by order of the Court;

d.     any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.     any Debtor having a claim against another Debtor;

f.     any non-Debtor subsidiary having a claim against a Debtor;

g.     any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.     any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[6]

i.     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.     any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.     any entity holding a claim for which a separate deadline is fixed by this Court;

l.     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date;

m.     the DIP ABL Agent;

n.     the DIP Term Loan Agent;

o.     the Prepetition ABL Agent, with respect to any ABL Lenders; and

---

[6]   The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

PHIL1 6722485v.6

p.      the Term Loan Agent, with respect to any Term Loan Lenders.

## III.    Substantive Requirements of Proofs of Claim

5.      The following requirements shall apply with respect to filing and preparing each

proof of claim:

a.      <u>Contents</u>.  Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.      <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      <u>Original Signatures Required</u>.   Only ***original*** proofs of claim may be deemed acceptable for purposes of claims administration.   Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.      <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Charming Charlie Holdings Inc.

e.      <u>Claim Against Multiple Debtor Entities</u>.  Each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.      <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent

6

shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

g.  <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by Rust/Omni on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either by U.S. Mail, overnight mail, or other hand delivery system at the following address:

> Charming Charlie Holdings Claims Processing
> c/o Rust Consulting/Omni Bankruptcy
> 5955 DeSoto Ave., Suite 100
> Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.  <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Rust/Omni must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Rust/Omni ) and (ii) a self-addressed, stamped envelope.

## IV.  Identification of Known Creditors

6.  The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## V.  Procedures for Providing Notice of the Bar Date

### Mailing of Bar Date Notices

7.  On or before January 20, 2018, the Debtors shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "<u>Bar Date Notice</u>") and Proof of Claim Form (collectively, the "<u>Bar Date Package</u>") to be mailed via first class mail to the following entities:

a.  the U.S. Trustee;

b.  the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims;

7

c.      the DIP ABL Lien Agent;

d.      the DIP Term Loan Agent;

e.      the Prepetition ABL Agent, with respect to any ABL Lenders;

f.      the Term Loan Agent, with respect to any Term Loan Lenders;

g.      counsel to certain majority holders of the existing common stock of the Debtors;

h.      all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

i.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

j.      all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

k.      all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

l.      all entities that are party to executory contracts and unexpired leases with the Debtors;

m.      all entities that are party to litigation with the Debtors;

n.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

o.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

p.      the U.S. Attorney's Office for the District of Delaware;

q.      the office of the attorney general for each state in which the Debtors maintain or conduct business;

r.      the Internal Revenue Service;

s.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

t.      the U.S. Securities and Exchange Commission.

8.    The Debtors shall provide all known creditors listed in the Debtors' Schedules with a Proof of Claim Form, substantially in the form attached hereto as **Exhibit 1**. Additionally, any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 410.

9.    After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**Publication of Bar Date Notice**

10.    The Debtors shall cause notice of the General Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication substantially in the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in the *Wall Street Journal*, National Edition on or before 21 days before the General Bar Date.  The Debtors are also authorized, but not directed, to publish the Bar Date Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations, as the Debtors shall determine in their sole discretion.

9

**VI.    Consequences of Failure to File a Proof of Claim**

11.    Any entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date may be prohibited from voting to accept or reject any plan of reorganization filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

12.    Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**VII.    Miscellaneous**

13.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion.

14.    The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

15.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: January _10_, 2018  
Wilmington, Delaware

_____  
HONORABLE CHRISTOPHER SONTCHI  
UNITED STATES BANKRUPTCY JUDGE

PHIL1 6722485v.6

**EXHIBIT 1**

**Proof of Claim Form**

UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE

☐ Charming Charlie Holdings Inc. - 17-12906    ☐ Charming Charlie Canada LLC - 17-12907    ☐ Charming Charlie International LLC - 17-12-908

☐ Charming Charlie LLC - 17-12909    ☐ Charming Charlie Manhattan LLC - 17-12910    ☐ Charming Charlie USA Inc. - 17-12911

☐ Poseidon Partners Cms, Inc. - 17-12912

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form.  This form is for making a claim for payment in a bankruptcy case.  Do not use this form to make a request for payment of an administrative expense.  Make such a request according to 11 U.S.C.  § 503.

Filers must leave out or redact   information that is entitled to privacy on this form or on any attached documents.  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  Do not send original documents; they may be destroyed after scanning.  If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Where should payments to the creditor be sent? (if different)

Name _____

Name _____

Number     Street

Number     Street

City                    State        ZIP Code

City                    State        ZIP Code

Contact Phone _____

Contact Phone _____

Contact email _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

**4. Does this claim amend one already filed?**

☐ No
☐ Yes    Claim Number on court claims registry (if known) _____    Filed On _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes    Who made the earlier filing? _____

Official Form 410                         Proof of Claim                         Page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**Do you have any number you use to identify the debtor?**
☐ No
☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**    $ _____    Does this amount include interest or other charges?
☐ No
☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information

**9. Is all or part of the claim secured?**
☐ No
☐ Yes    The claim is secured by a lien on property

**Nature of property:**
☐ Real Estate    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*
☐ Motor Vehicle
☐ Other    Describe: _____

**Basis for perfection:**
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____
**Amount of the claim that is secured:**    $ _____
**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**    (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☐ No
☐ Yes    Amount necessary to cure any default as of the date of the petition.    $ _____

**11. Is this claim subject to a right of setoff?**
☐ No
☐ Yes    Identify the property: _____

**12. Is this claim for the value of goods received by the debtor 20 days before the commencement date of this case (11 U.S.C. §503(b)(9)).?**
☐ No
☐ Yes    Amount of 503(b)(9) Claim: $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No
☐ Yes  *Check all that apply*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$ _____

*  Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it.
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
**18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
            MM / DD / YYYY

Signature _____

**Print the name of the person who is completing and signing this claim:**

Name _____
        First Name          Middle Name          Last Name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number          Street

_____
City                State          ZIP Code

Contact Phone _____     Email _____

---

**EXHIBIT 2**

**Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARMING CHARLIE HOLDINGS INC., *et al.*,[1] | ) | Case No. 17-12906 (CSS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. _____ |

## NOTICE OF DEADLINES FOR THE FILING OF
## PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
## PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Charming Charlie Holdings Inc. | 17-12906 |
| Charming Charlie Canada LLC | 17-12907 |
| Charming Charlie International LLC. | 17-12908 |
| Charming Charlie LLC | 17-12909 |
| Charming Charlie Manhattan LLC | 17-12910 |
| Charming Charlie USA, Inc. | 17-12911 |
| Poseidon Partners CMS, Inc. | 17-12912 |

**PLEASE TAKE NOTICE THAT:**

On December 11, 2017 (the "Petition Date"), Charming Charlie Holdings Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [_____], 2018 the Court entered an order [Docket No. [__]] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Charming Charlie Canada LLC (0693); Charming Charlie Holdings Inc. (6139); Charming Charlie International LLC (5887); Charming Charlie LLC (0263); Charming Charlie Manhattan LLC (7408); Charming Charlie USA, Inc. (3973); and Poseidon Partners CMS, Inc. (3302). The location of the Debtors' service address is: 6001 Savoy Drive, Houston, Texas 77036.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code.

For your convenience, enclosed with this notice (this "Notice") is a proof of claim form. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases.

a.   *The General Bar Date*. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of these cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim by the General Bar Date (i.e., by *February 19, 2018, at 5:00 p.m.*, prevailing Eastern Time)**. The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims

b.   *The Governmental Bar Date*. Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by *June 9, 2018, at 5:00 p.m.*, prevailing Eastern Time)**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax

years or periods or prepetition transactions to which the Debtors were a party.

c. ***Amended Schedules Bar Date***.  If the Debtors amend or supplement their Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 24 days from the date on which the Debtors provide notice of the amendment to the Schedules, so that such proofs of claim are actually received by Rust/Omni.

d. ***Rejection Damages Bar Date***.   Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (a) the General Bar Date; (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) where rejection of any executory contract or unexpired lease of the Debtors is pursuant to the Rejection Procedures and no objection to the rejection of the applicable contract is timely filed, on the date that is 30 days following the Rejection Objection Deadline[3], or such other date agreed to between the applicable contract counterparty and the Debtors or Reorganized Debtors, as applicable.

e. For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is permitted to file a single proof of claim on account of its claims arising under the applicable contract or lease agreement (including claims for prepetition defaults and rejection damages) by the Rejection Damages Bar Date.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date ***must*** file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

---

[3]     Defined terms used in this clause have the meanings ascribed to such terms in the *Debtors' Motion Seeking Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 20]

PHIL1 6722485v.6

a.    any entity whose claim against a Debtor is *not* listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file proofs of claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need *not* file proofs of claims:

a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Rust/Omni in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any entity whose claim has previously been allowed by order of the Court;

d.    any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.    any Debtor having a claim against another Debtor;

f.    any non-Debtor subsidiary having a claim against a Debtor;

4

PHIL1 6722485v.6

g.   any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.   any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[4]

i.   a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.   any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.   any entity holding a claim for which a separate deadline is fixed by this Court;

l.   any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date;

m.   the DIP ABL Agent;

n.   the DIP Term Loan Agent;

o.   the Prepetition ABL Agent, with respect to any ABL Lenders; and

p.   the Term Loan Agent, with respect to any Term Loan Lenders.

## IV.   INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

---

[4]   The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

PHIL1 6722485v.6

a.      <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars;  (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.      <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      <u>Original Signatures Required</u>.  Only *original* proofs of claim may be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.      <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Charming Charlie Holdings Inc.

e.      <u>Claim Against Multiple Debtor Entities</u>.  Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.      <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

g.      <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be **actually received** by Rust/Omni  on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either by U.S. Mail, overnight mail, or other hand delivery system at the following address:

6

Charming Charlie Holdings Inc. *et al.* Claims Processing
Rust Consulting/Omni Bankruptcy
5955 De Soto Avenue, Suite 100
Woodland Hills, California 91367

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
> ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   <u>Receipt of Service</u>. Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Rust/Omni must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Rust/Omni) and (ii) a self-addressed, stamped envelope.

## V.   CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a.   YOU MAY NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

b.   YOU MAY NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.   RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.   THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules, which specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim. If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed,"

7

PHIL1 6722485v.6

"contingent," or "unliquidated," you need **not** file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.   ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Rust/Omni's website at http://www.omnimgt.com/charmingcharlie.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.   Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Rust/Omni, by calling the Debtors' restructuring hotline at: 844-452-2141, or writing (i) via hard copy to: Charming Charlie Holdings Inc., c/o Rust Consulting/Omni Bankruptcy, 830 Third Avenue, 3rd Floor, New York, New York 10022; (ii) via email to: charmingcharlie@omnimgt.com; online at http://www.omnimgt.com/charmingcharlie.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

*[Remainder of page intentionally left blank]*

8

Wilmington, Delaware
Dated: January [___], 2018

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

-and -

Joshua A. Sussberg, P.C. (admitted *pro hac vice* )
Aparna Yenamandra (admitted *pro hac vice* )
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

James H.M. Sprayregen, P.C.
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

PHIL1 6722485v.6

**EXHIBIT 3**

**Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARMING CHARLIE HOLDINGS INC., *et al.*,[1] | ) | Case No. 17-12906 (CSS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. _____** |

## NOTICE OF DEADLINES FOR THE FILING OF
## PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENTS
## UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE

---

**THE GENERAL BAR DATE IS [___], 2018**

**THE GOVERNMENTAL BAR DATE IS JUNE 9, 2018**

**THE AMENDED SCHEDULES BAR DATE IS AS DEFINED HEREIN**

**THE REJECTION DAMAGES BAR DATE IS AS DEFINED HEREIN**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Deadlines for Filing Proofs of Claim**.  On [_____] 2018, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [____]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| Charming Charlie Holdings Inc. | 17-12906 |
| Charming Charlie Canada LLC | 17-12907 |
| Charming Charlie International LLC. | 17-12908 |
| Charming Charlie LLC | 17-12909 |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Charming Charlie Canada LLC (0693); Charming Charlie Holdings Inc. (6139); Charming Charlie International LLC (5887); Charming Charlie LLC (0263); Charming Charlie Manhattan LLC (7408); Charming Charlie USA, Inc. (3973); and Poseidon Partners CMS, Inc. (3302). The location of the Debtors' service address is: 6001 Savoy Drive, Houston, Texas 77036.

| Charming Charlie Manhattan LLC | 17-12910 |
| Charming Charlie USA, Inc. | 17-12911 |
| Poseidon Partners CMS, Inc. | 17-12912 |

**The Bar Dates**. Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose before December 11, 2017 (the "Petition Date"), no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before *February 19, 2018, at 5:00 p.m.*, prevailing Eastern Time (the "General Bar Date"). Governmental entities who have a claim or potential claim against the Debtors that arose before the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before *June 9, 2018, at 5:00 p.m.*,, prevailing Eastern Time (the "Governmental Bar Date"). All entities who have a claim or potential claim against the Debtors based on any amendment by the Debtors of their Schedules, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtors provide notice of the amendment (the "Amended Schedules Bar Date"). All entities who have a claim or potential claim against the Debtors based on the Debtors' rejection of an executory contract or unexpired lease, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on the later of (a) the General Bar Date; (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) where rejection of any executory contract or unexpired lease of the Debtors is pursuant to the Rejection Procedures and no objection to the rejection of the applicable contract is timely filed, on the date that is 30 days following the Rejection Objection Deadline[2], or such other date agreed to between the applicable contract counterparty and the Debtors or Reorganized Debtors, as applicable (the "Rejection Damages Bar Date"). For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is permitted to file a single proof of claim on account of its claims arising under the applicable contract or lease agreement (including claims for prepetition defaults and rejection damages) by the Rejection Damages Bar Date.

---

[2]   Defined terms used in this clause have the meanings ascribed to such terms in the *Debtors' Motion Seeking Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 20]

2

PHIL1 6722485v.6

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE APPLICABLE BAR DATE MAY NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

<u>**Filing a Proof of Claim**</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by the Debtors' notice and claims agent, Rust Consulting/Omni Bankruptcy ("Rust/Omni") on or before the applicable Bar Date either by U.S. Mail, overnight mail, or other hand delivery system at the following address:

> Charming Charlie Holdings Inc. *et al.* Claims Processing
> Rust Consulting/Omni Bankruptcy
> 5955 De Soto Avenue, Suite 100
> Woodland Hills, California 91367

<u>**Contents of Proofs of Claim**</u>.  Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) clearly identify the Debtor against which the claim is asserted (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based.  ***Please note*** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against  Charming Charlie Holdings Inc.

<u>**Section 503(b)(9) Requests for Payment**</u>.  Any proof of claim and/or priority asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Additional Information**.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a Proof of Claim Form or related documents you may do so by: (i) calling the Debtors' restructuring hotline at 844-452-2141; (ii) visiting the Debtors' restructuring website at: http://www.omnimgt.com/charmingcharlie; and/or (iii) writing: (a) via hard copy to: Charming Charlie Holdings Inc. et al., Claims Processing, c/o, Rust Consulting/Omni Bankruptcy, 5955 DeSoto Ave., Suite 100, Woodland Hills, CA 91367; or (b) via email to: charmingcharlie@omnimgt.com.  ***Please note*** that Rust/Omni ***cannot*** offer legal advice or advise whether you should file a proof of claim.

*[Remainder of page intentionally left blank]*

3

Wilmington, Delaware
Dated: January [__] 2018

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

-and -

Joshua A. Sussberg, P.C. (admitted *pro hac vice* )
Christopher T. Greco (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice* )
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

James H.M. Sprayregen, P.C.
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

4