**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARMING CHARLIE HOLDINGS INC., *et al.*,[1] | ) ) ) | Case No. 17-12906 (CSS) |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |

> **PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW <u>EXHIBITS A, B, C, D, E, F, G, AND H</u> TO THE PROPOSED ORDER TO DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.  PARTIES WHOSE CLAIMS ARE LISTED ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION.**

### <u>REORGANIZED DEBTORS' SIXTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (SUBSTANTIVE)</u>

The Reorganized Debtors (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases") file their sixth omnibus objection (the "Objection") seeking entry of an order modifying or disallowing and expunging the claims listed on <u>Exhibits A, B, C, D, E, F, G, and H</u>, which are annexed to the proposed order attached hereto as <u>Exhibit 2</u> (the "Proposed Order").  The claims listed on <u>Exhibits A, B, C, D, E, F, G, and H</u> are collectively referred to as the "Disputed Claims," and all exhibits are incorporated herein by reference.  In support of this Objection, the Debtors rely on the *Declaration of Alvaro Bellon in Support of Debtors' Sixth Omnibus Objection to Certain Proofs of Claim (Substantive)*, attached hereto as <u>Exhibit 1</u>.  In further support of this Objection, the Debtors state as follows:

---

[1] The Reorganized Debtors in these cases, along with the last four digits of their respective federal taxpayer ID numbers, are Charming Charlie Canada, LLC (0693); Charming Charlie Holdings Inc. (6139); Charming Charlie International LLC (5887); Charming Charlie LLC (0263); Charming Charlie Manhattan LLC (7408); Charming Charlie USA, Inc. (3973); and Poseidon Partners CMS, Inc. (3302).  The Debtors' address is 5999 Savoy Dr., Houston, TX 77036.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Cases and the Objection pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012, and the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Charming Charlie Holdings Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 564] (the "Plan"). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 502 of title 11 of the United States Code (the "Bankruptcy Code"), rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *General Order Regarding Applicability of Rule 3007(c) of the Amended Federal Rules of Bankruptcy Procedure*, dated November 27, 2007 (the "Rule 3007(c) General Order").

3. The Debtors consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

4. On December 11, 2017 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors were authorized to

continue operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On January 19, 2018, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 345, 347, 349, 351, 353, 355, 357] (collectively, including any amendments thereto, the "Schedules"), and on February 16 and 23, 2018, certain of the Debtors amended their Schedules [Docket Nos. 446, 468].

6. On December 13, 2017, the Court entered an order [Docket No. 92] appointing Rust Consulting/Omni Bankruptcy, which has subsequently changed its name to Omni Management Group ("Omni"), as notice and claims agent in these Cases. Among other things, Omni is authorized to receive, maintain, docket, and otherwise administer the proofs of claim filed in these Cases, and maintain the official claims register for each of the Debtors.

7. On January 10, 2018, the Court entered an order [Docket No. 299] (the "Bar Date Order") providing that, except as otherwise provided herein, (a) all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, must be filed so that they are actually received on or before February 19, 2018 at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date"), and (b) all governmental units, as defined by section 101(27) of the Bankruptcy Code, must file proofs of claim so that they are actually received on or before June 9, 2018 at 5:00 p.m. (prevailing Eastern Time) (the "Government Bar Date").

8. On April 3, 2018, the Court entered an order [Docket No. 584] (the "Confirmation Order") confirming the Plan. The effective date of the Plan occurred on April 24, 2018 [Docket No. 618] (the "Effective Date"). The Confirmation Order established May 24, 2018 (thirty days after service of notice of the Effective Date of the Plan) as the deadline for filing any

Administrative Claims (the "Administrative Claims Bar Date," and collectively with the General Bar Date and the Government Bar Date, the "Bar Dates").

9. Notice of the Bar Dates was provided by mail and publication in accordance with the procedures outlined in the applicable orders.

10. Pursuant to the Confirmation Order, the claims objection bar date was 180 days after the Effective Date, or October 22, 2018. On September 11, 2018, the Court entered an order [Docket No. 790] extending the claims objection bar date to January 31, 2019.

11. The Debtors and their advisors have reviewed and reconciled the proofs of claim with the Debtors' books and records to determine the validity of the asserted claims. This reconciliation process includes identifying particular categories of claims that may be asserted for disallowance and expungement. The reconciliation process also involves reviewing each claim identified as potentially objectionable and all supporting information and documentation provided therewith and making reasonable efforts to research the validity of such claim. To avoid possible double recovery or otherwise improper recovery by claimants, the Debtors are filing this Objection and reserve the right to file additional omnibus objections.

## RELIEF REQUESTED

12. The Debtors seek entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, modifying or disallowing and expunging the claims indicated on <u>Exhibits A, B, C, D, E, F, G, and H</u> to the Proposed Order.

## CLAIMS OBJECTIONS—BASIS FOR RELIEF

13. When asserting a proof of claim against an estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re*

*Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *See id.* An objecting party may overcome the prima facie validity by "refut[ing] at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* at 173–74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his claim by a preponderance of the evidence. *See id.* at 174. "The burden of persuasion is always on the claimant." *Id.* (citation omitted).

14.     The Debtors object to the following eight categories of claims:

**A.     Satisfied and Modified Amount Claims**

15.     The Disputed Claims identified in the column titled "Claim Number" on Exhibit A to the Proposed Order (the "Satisfied and Modified Amount Claims") are claims that require a reduction in the amount asserted. For each of the claims listed on Exhibit A to the Proposed Order, the Debtors reviewed their books and records as well as the agreement(s) between applicable Debtors and the claimant, and determined that the amount owed was less than the amount asserted by the claimant. Additionally, the Debtors have determined that the Satisfied and Modified Amount Claims were paid in full according to these agreements. Failure to disallow and expunge the Satisfied and Modified Amount Claims would result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these Cases.

**B.     Modified Amount Claims**

16.     The Disputed Claims identified in the column titled "Claim Number" on Exhibit B to the Proposed Order (the "Modified Amount Claims") are claims that the Debtors have determined require a reduction or other modification in terms of the amount asserted. As set

5

forth in the Bellon Declaration, the Debtors have reviewed each of the claims listed on Exhibit B to the Proposed Order and compared them against the Debtors' books and records. As described in the column titled "Reason for Modification" on Exhibit B to the Proposed Order, after conducting the above-described review and analysis of the Modified Amount Claims, the Debtors have determined that the amount of the claims should be adjusted as set forth under the column titled "Modified Claim Amount" on Exhibit B to the Proposed Order. Failure to reduce, or otherwise adjust, the Modified Amount Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these Cases. Accordingly, the Debtors request entry of the Proposed Order modifying the Modified Amount Claims, as identified on Exhibit B to the Proposed Order.

C.     **Cross-Debtor Duplicate Claims**

17.    The Disputed Claims identified in the column titled "Duplicate Claim to Be Disallowed" on Exhibit C to the Proposed Order (the "Cross-Debtor Duplicate Claims") are duplicative of the proofs of claim identified in the column titled "Remaining Claim Number" on Exhibit C to the Proposed Order (the "Remaining Claims"). The Cross-Debtor Duplicate Claims are claims that were filed against the wrong debtor and that seek an amount identical to a claim filed against the proper debtor by or on behalf of the same claimant. Failure to disallow and expunge the Cross-Debtor Duplicate Claims on Exhibit C to the Proposed Order could result in the applicable claimants receiving multiple recoveries against the Debtors' estates, to the detriment of other creditors in these Cases. Moreover, elimination of the Cross-Debtor Duplicate Claims will enable the Debtors to maintain a more accurate claims register. The holders of the Cross-Debtor Duplicate Claims will not be prejudiced by the expungement of the Cross-Debtor Duplicate Claims, because they will retain their Remaining Claims against the Debtors.

Accordingly, the Debtors request entry of the Proposed Order disallowing and expunging the Cross-Debtor Duplicate Claims, as identified on Exhibit C to the Proposed Order.

**D.     Reclassified Priority Claims**

18.    The Disputed Claims identified in the column titled "Claim Number" on Exhibit D to the Proposed Order (the "Reclassified Priority Claims") are claims that assert, but are not entitled to, priority under section 507 of the Bankruptcy Code.  As set forth in the Bellon Declaration, the Debtors have reviewed each of the claims listed on Exhibit D to the Proposed Order, compared them against the Debtors' books and records, and analyzed them in relation to the Bankruptcy Code's priority provisions.  As described in the column titled "Reason for Reclassification" on Exhibit D to the Proposed Order, after conducting the above-described review and analysis of the Reclassified Priority Claims, the Debtors have determined that the classification of all or a portion of the Reclassified Priority Claims should be adjusted as set forth under the column "Modified Classification Status," as set forth on Exhibit D to the Proposed Order.

**E.     Reclassified Secured Claim**

19.    The Disputed Claims identified in the column titled "Claim Number" on Exhibit E to the Proposed Order (the "Reclassified Secured Claims") are claims that assert, but are not entitled to, secured status under section 506 of the Bankruptcy Code.  As set forth in the Bellon Declaration, the Debtors have reviewed each of the claims listed on Exhibit E to the Proposed Order, and compared them against the Debtors' books and records.  As described in the column titled "Reason for Reclassification" on Exhibit E to the Proposed Order, after conducting the above-described review and analysis of the Reclassified Secured Claims, the Debtors have determined that the classification of all or a portion of the Reclassified Secured Claims should be

adjusted as set forth under the column "Modified Classification Status," as set forth on <u>Exhibit E</u> to the Proposed Order.

**F.    Deferred Landlord Claims**

20.    The Disputed Claims identified in the column titled "Claim Number" on <u>Exhibit F</u> to the Proposed Order (the "Deferred Landlord Claims") are claims where the applicable landlord claimant agreed to defer payment of an agreed upon amount, and for which the Debtors are not yet obligated to pay.  The Plan provides that "each Holder of an Allowed General Administrative Claim will be paid the full amount of such Allowed Administrative Claim in Cash . . . on the Effective Date or as soon as reasonably practicable thereafter or, *if not then due, when such Allowed General Administrative Claim is due* or as soon as reasonably practicable thereafter."  Plan 14 (emphasis added).  *See also Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claim, . . . Congress having 'generally left the determination of property rights in the assets of a bankruptcy's estate to state law.'" (quoting *Butner v. United States*, 440 U.S. 48, 57 (1979)).  The Debtors reviewed each of the claims listed on <u>Exhibit F</u> to the Proposed Order and compared them against the Debtors' books and records and the written modifications to the applicable leases.  The Debtors have determined that the Deferred Landlord Claims set forth claims for rents that, by written agreement between the Debtors and applicable landlord claimant, are for an agreed upon amount and are not yet due, and which will be paid pursuant to the terms of the lease modifications.  Failure to disallow the Deferred Landlord Claims will result in the claimants receiving a premature and/or unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these Cases.  Accordingly, each of the Deferred Landlord Claims

should be disallowed as an administrative claim at this time and paid in accordance with the agreements between the Debtors and the applicable landlords.

**G.     Deferred Tax Claims**

21.     The Disputed Claims identified in the column titled "Claim Number" on Exhibit G to the Proposed Order (the "Deferred Tax Claims") are claims for estimated 2018 personal property taxes, 2018 sale and use taxes, unemployment or workers' compensation taxes or premiums and federal and state income taxes that the Debtors are not yet obligated to pay. Allowed Priority Tax Claims that are not due and owing on or before the Effective Date are paid as they become "due and payable under applicable non-bankruptcy law in the ordinary course of business." Plan at 16. *See also Raleigh*, 530 U.S. at 20 ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claim, . . . Congress having 'generally left the determination of property rights in the assets of a bankruptcy's estate to state law.'" (quoting *Butner*, 440 U.S. at 57). The Debtors reviewed each of the claims listed on Exhibit G to the Proposed Order and compared them against the Debtors' books and records. The Debtors have determined that the Deferred Tax Claims set forth a claim for estimated taxes that are due in the ordinary course of business in each calendar year or subject to a not yet filed tax return. The Debtors seek to pay each Deferred Tax Claim in the ordinary course of business and to preserve any and all rights to dispute the valuation of the asserted amount or any and all credits, deductions, exemptions, or other rights. Failure to disallow the Deferred Tax Claims will result in the claimants receiving a premature and/or unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these Cases. Accordingly, each of the Deferred Tax Claims should be disallowed as a priority claim at this time and paid as they become due and payable under applicable non-bankruptcy law in the ordinary course of business.

**H.     No Liability Claims**

22.    The Disputed Claims identified in the column titled "Claim Number" on <u>Exhibit H</u> to the Proposed Order (the "No Liability Claims") are claims for which the Debtors have determined the Debtors are not liable.  After a review of the Debtors' books and records and each of the Disputed Claims along with all documentation and information submitted therewith, and after reasonable research as to the validity of the claim, the Debtors have determined that there is no balance owing with respect to the No Liability Claims.  Failure to disallow and expunge the No Liability Claims would result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these Cases.

23.    For the reasons discussed above, on the exhibits annexed to the Proposed Order and in the Bellon Declaration, the (a) Satisfied and Modified Amount Claims, (b) Modified Amount Claims, (c) Cross-Debtor Duplicate Claims, (d) Reclassified Priority Claims, (e) Reclassified Secured Claims, (f) Deferred Landlord Claims, (g) Deferred Tax Claims, and (h) No Liability Claims addressed in this Objection should be disallowed or recharacterized, as applicable.

## SEPARATE CONTESTED MATTERS

24.    To the extent that a response is filed regarding any Disputed Claim listed in the Objection, and the Debtors are unable to resolve the response, each such claim, and the objection by the Debtors to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding the Objection shall be deemed a separate order with respect to each claim.

10

PHIL1 7308960v.1

## RESERVATION OF RIGHTS

25. The Debtors hereby reserve the right to object in the future to any of the proofs of claim listed in this Objection or on the exhibits attached hereto on any grounds, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly filed claims or to the portions of any Disputed Claims that are not entitled to priority or that claimants sought other treatment. Separate notice and hearing will be scheduled for any such objection.

## COMPLIANCE WITH LOCAL RULE 3007-1

26. To the best of the Debtors' knowledge and belief, this Objection and the related exhibits annexed to the Proposed Order comply with Local Rule 3007-1 and the Rule 3007(c) General Order. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1 or the Rule 3007(c) General Order, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

## NOTICE

27. Notice of this Objection has been provided to: (a) the U.S. Trustee; (b) each holder of a Disputed Claim that is the subject of this Objection; and (c) all persons and entities that have filed a request for service of the filings in these Cases pursuant to Bankruptcy Rule 2002. A copy of this Objection has been made available on the website of the Debtors' notice and claims agent, Omni, at http://www.omnimgt.com/charmingcharlie/. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, and grant such other and further relief as this Court deems just and proper.

Dated: October 16, 2018

*/s/ Michael W. Yurkewicz*
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
KLEHR HARRISON HARVEY BRANZBURG LLP
919 N. Market St., Ste. 1000
Wilmington, DE 19801
(302) 426-1189
dpacitti@klehr.com
myurkewicz@klehr.com

Drew T. Parobek (OH Bar No. 0016785)
Kari B. Coniglio (OH Bar. No. 0081463)
Jeffrey W. Bieszczak (OH Bar No. 0090680)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Sq., Ste. 1400
Cleveland, OH 44114
(216) 479-6100
(216) 479-6060 (facsimile)
dtparobek@vorys.com
kbconiglio@vorys.com
jwbieszczak@vorys.com

*Counsel for the Reorganized Debtors*